**FIRST BANK OF HOUSTON,**
**Appellant,**

v.

**Bill BRADLEY, Appellee.**

**No. A14–85–193–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 14, 1985.

Rehearing Denied Dec. 12, 1985.

John C. Allen, Houston, for appellant.

Alan J. Boudreaux, Reynolds, Allen & Cook, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This appeal is from a Summary Judgment. Appellee (Bradley or Appellee) was one of several persons who signed guaranties for payment to Appellant (Bank or Appellant) of a number of promissory notes

executed by Jack Heard during his campaign for Mayor of Houston in 1981.

On August 31, 1981, Appellee executed a guarantee agreement for the payment of $45,000. In his affidavits attached to his Motion for Summary Judgment and his reply to Appellant's Motion for Summary Judgment, Appellee stated that on November 5, 1981, he orally communicated to the Bank's president and to its chairman that he wished to revoke his guaranty and that he confirmed his revocation in writing. Appellee wrote Appellant again on March 31, 1982, re-stating his desire to revoke the guaranty. Appellant acknowledged receipt of the March 31, letter on April 26, 1982 and pointed out in its acknowledgement that funds were extended between August 31, 1981 and November 5, 1981, pursuant to Appellee's guaranty.

On June 1, 1982, the various notes signed by Jack Heard were consolidated into one note. That note was due and payable on September 1, 1982, one year from the first extension of credit in accordance with the original agreement. When the note was not timely paid Appellant instituted this suit. Appellee filed a Motion for Partial Summary Judgment, which was granted by the trial court. This disposed of all the issues in the case involving Appellee. The trial court then ordered a severance of that part of the case relative to Appellee and entered a final judgment in Appellee's favor on its First Amended Motion for Summary Judgment.

Appellant presents four points of error on appeal. In the first, it claims the trial court erred in granting summary judgment because as a matter of law Appellee gave his consent and authorization to consolidate the various notes. It argues in the second and third points of error that the trial court erred in granting summary judgment because the new note is merely evidence of a pre-existing obligation and because the guaranty agreement promises payment of "all indebtedness and renewals without limitation." In the fourth point, it argues further that the nature of a continuing guaranty agreement contemplates a series of transactions, and thus the guaranty agreement relied on by Appellant is valid and enforceable.

■ We agree with Appellant that the guaranty agreement expressly provides for an extension or renewal, and that, by whatever term it is called, the June 1, 1982 note was contemplated by the original guarantee agreement as new evidence of the guarantors' pre-existing obligations. *See Holland v. First National Bank in Dallas*, 597 S.W.2d 406 (Tex.Civ.App.—Dallas 1980, no writ). In whatever form, this June 1 note was a continuation of the indebtedness which was created between September 1, 1981 and November 5, 1981. The agreement of August 31, 1981 provided that the guarantors, jointly and severally, guaranteed to the Bank the prompt payment at maturity of any and all indebtedness that was presently due the Bank or any indebtedness that might thereafter become due. The amount owing was not to exceed $45,000, according to the tenor and effect of the note or notes evidencing the indebtedness and any and all renewals of the indebtedness or any part of it, regardless of the form in which the renewals were evidenced. The agreement provided that "indebtedness" should be construed to mean all indebtedness of the borrower, direct and indirect, however it was evidenced, whether by notes, drafts, acceptances, overdrafts or otherwise. It continued that the agreement was intended to be, and is, a continuing guaranty which shall apply to all indebtedness and renewals mentioned or described in the agreement. The agreement provided for one or more of the guarantors to give to the bank's cashier written notice that he or they would not be liable under the agreement for any indebtedness created, incurred or arising after the giving of such notice.

■ It is true that a guarantor may revoke his guaranty at any time unless that right is precluded by the language of the guaranty contract. *Straus-Frank Co. v. Hughes*, 138 Tex. 50, 156 S.W.2d 519, 520 (1942). Following such a revocation, the guarantor is liable only for extensions of

credit before the revocation and any renewals or extensions of the indebtedness he initially guaranteed. *Holland v. First National Bank in Dallas*, 597 S.W.2d at 408–409; *Dicker v. Lomas & Nettleton Financial Corp.*, 576 S.W.2d 672, 676 (Tex.Civ. App.—Texarkana 1978, writ ref'd n.r.e.). To determine the extent of a guarantor's liability on a note, we must examine the terms of the note by which he agreed to pay it. *Hopkins v. First National Bank at Brownsville*, 551 S.W.2d 343, 345 (Tex. 1977). We find that the note here expressly provides that any renewal or continuation of the indebtedness in any form will not affect the liability of the guarantor. Further, according to the terms of waiver in the agreement, Appellee gave his consent in advance to any renewal, making or assigning of any indebtedness which carries forward the indebtedness guaranteed. *See Brazosport Bank of Texas v. Travis*, 617 S.W.2d 729, 731 (Tex.Civ.App. —Houston [14th Dist.] 1981, writ ref'd n.r. e.).

■ The problem with Appellant's position, according to Appellee, is that Appellant failed to meet its burden in responding to Appellee's motion for partial summary judgment. The movant, Appellee here, had the burden to establish his right to summary judgment on the issues expressly presented to the trial court by conclusively proving all the essential elements of his cause of action or defense as a matter of law. *Byrd International of Dallas v. Electronic Data Systems*, 629 S.W.2d 177, 178 (Tex.App.—Dallas 1982, writ ref'd n.r. e.). Then it became the burden of the non-movant to expressly present to the trial court, in a written motion, answer or response to the motion, those issues that would defeat the movant's right to a summary judgment. TEX.R.CIV.P. 166–A; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–679 (Tex. 1979); *Troth v. City of Dallas*, 667 S.W.2d 152, 155 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). If the non-movant fails to meet this burden, he cannot present those issues of law or fact for the first time on appeal. *City of Houston* at 679.

With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant, the non-movant must expressly present to the court his reasons for avoiding the motion and he must present summary judgment proof when necessary to establish a fact issue. *Id.* at 678.

■ The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, admissions, affidavits, stipulations of the parties and public records which are on file at the time of the hearing or filed late with the court's permission show that there is no genuine issue as to any material fact and the movant is entitled to judgment on the issues expressly set forth as a matter of law. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. TEX.R.CIV.P. 166–A. The appellate court must review the record of the summary judgment in the light of those issues which were expressly raised and actually presented to the trial court at the summary judgment hearing. *Wooldridge v. Groos National Bank*, 603 S.W.2d 335, 344 (Tex.Civ.App.—Waco 1980, no writ). *See Gifford v. Old Republic Insurance Co.*, 613 S.W.2d 43, 45 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ).

■ We believe Appellant successfully raised a fact issue concerning the continuation of the original indebtedness in the June 1, 1982 note. In its response to Appellee's motion for summary judgment, Appellant stated that it would show the court that the suit was based on the Guaranty Agreement which was attached as an exhibit and incorporated into the response. Appellant included with its response the affidavit of its president, who stated that from his examination of the bank's records he found that $750,000, evidenced by a series of notes signed by Jack Heard beginning September 1, 1981 and ending November 5, 1981, was advanced to the Jack Heard for Mayor campaign on or before November 5, 1981, and that in advancing

those sums he had relied on Appellee's guaranty agreement. Further Appellant states that in support of its response, it "relies upon the pleadings, depositions, admissions, answers to interrogatories on file, as well as the attached affidavit."

The trial court erred in granting Appellee's motion for summary judgment. We reverse and remand this case for trial.