Larry R. **LEINEN**, Appellant,

v.

**BUFFINGTON'S BAYOU CITY SERVICE CO.**, Appellee.

No. A14–91–0469–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1992.

Margaret A. Pollard, Houston, for appellant.

William H. White, John A. Barker, Donald W. Rogers, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Appellant, Larry Leinen, brings this appeal challenging the grant of summary judgment in favor of appellee. Appellant brought suit on three promissory notes and appellee moved for summary judgment under the defense of the statute of limitations. The trial court granted appellee's motion. We affirm.

In three points of error appellant asserts that the trial court erred by granting summary judgment because the statute of limitations had not run on the note, and because his pleading of fraud in his amended petition raised a fact question on whether the statute of limitations had been tolled.

In 1981, appellant was vice-president of Buffington's Air Conditioning Company. Clyde Buffington, his father-in-law, was president. Appellant loaned $34,000.00 to appellee as evidenced by three promissory notes: i.e. February 10, 1981, $15,000.00; February 24, 1981, $15,000.00; and, March 20, 1981, $4,000.00. Only the first two notes were signed by Clyde Buffington, with no notation as to corporate capacity. The third note contained no signature. The notes had no due date, but included the provision: "[t]he note shall mature at the option of the holder of said note and all principal and interest shall at once become due and payable on demand." Appellant terminated his employment with appellee in 1988, made demand on the notes around August 12, 1988, and brought suit on September 23, 1988. Plaintiff's original petition was based on the notes and attached three promissory notes. These notes were dated 1981 and signed by the *appellant* as vice-president of the company. However, the following language appeared in the body of the notes in capital letters and underlined: THIS PROMISSORY NOTE IS RE–ISSUED AS OF JUNE 11, A.D. 1988. Each note also contained a notary acknowledgement dated June 11, 1988.

Appellee filed a general denial then amended to allege three specific affirmative defenses: (1) statute of limitations; (2) denial of execution of the notes by defendant; and (3) the person who executed the notes lacked authority of the defendant. The amended answer had the affidavit of Clyde H. Buffington attached.

Appellant then filed Plaintiff's first Amended Original "Answer" (should have been "Petition"). The allegations remained the same but the exhibits of the promissory notes made the basis of the cause of action were totally different. These exhibits were the two notes signed by Buffington and the third unsigned note.

Following some discovery, a Docket Control Order was entered designating, among other things, March 8, 1991, as the deadline for amended pleadings, and a trial date of April 15, 1991. On January 18, 1991, appellee filed a motion for summary judgment based primarily on the affirmative defense of statute of limitations. Appellee showed the trial court the notes made the basis of the lawsuit were demand notes dated 1981, and by their terms the notes accrue on their date pursuant to Section 3.122 of the Texas Business and Commerce Code. Appellee also alleged the third note was unsigned and unenforceable.

Appellant's response to the motion for summary judgment contends that demand is an integral part of the cause of action and that "the statute does not begin to run until demand is made, unless demand is waived or unreasonably delayed." Appellant contends demand was made within four years of the date suit was filed and that the case is not time-barred. Appellant offered no summary judgment proof in support of his contentions, but cited the trial court to *Andrews v. Cohen* as authority for his position. However, that case held that:

> [E]ach loan made was payable on demand and demand for payment was not,

by the agreement of the parties, made a condition precedent to plaintiff's right to sue; we conclude that the statute of limitations began to run at the time the respective loans were made. *Andrews v. Cohen,* 664 S.W.2d 826, 829 (Tex.App.—Tyler 1984, writ ref'd n.r.e.).

On February 22, 1991, the trial court held a hearing on appellee's motion for summary judgment and took it under advisement. On March 8, 1991, appellant filed Plaintiff's Second Amended Original Petition and for the first time alleged a reaffirmation of the debt from year to year, fraud created by carrying the debt on the corporate books, and, misrepresentation regarding repayment. There is no motion for leave to file or anything in the record to indicate this pleading was filed with leave of court, in regard to the prior summary judgment hearing, or that the pleading was ever called to the attention of the trial court so that it could be considered by the trial court in ruling on the summary judgment motion.

On March 26, 1991, the trial court granted the motion for summary judgment and entered judgment that appellant take nothing. There is no notation in the judgment that the trial court considered the second amended original petition. Appellant filed a motion for rehearing, which was overruled, and he now appeals from the granting of the summary judgment.

 In order to prevail on a motion for summary judgment, the movant must show as a matter of law that there are no genuine issues of fact. TEX.R.CIV.P. 166a. The movant has the initial burden of proving all essential elements of the defense or cause of action. *See First Bank of Houston v. Bradley,* 702 S.W.2d 683, 686 (Tex.App.—Houston [14th Dist.] 1985, no writ). After the movant shows he is entitled to summary judgment, the burden then shifts to the non-movant to expressly present issues which would defeat a summary judgment. *Id.* at 686. A non-movant should also specify some factual matters to support his defense. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). Pleadings are not considered summary judgment evidence. *Nicholson v. Memorial Hosp. System,* 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Additionally, this court has held that a response to a motion for summary judgment is a pleading. *Id.* Thus, statements made in such response are also not proof in a summary judgment proceeding.

In the present case, appellant merely concluded in his pleading that "if, as is the case here, demand is an integral part of the cause of action, or a condition precedent to the right to sue, the statute does not begin to run until demand is made...." There was no affidavit or other *proof* presented with this response. Further, the law cited by appellant was contrary to appellant's position. Appellant asserted that his argument could be supported by statements made in a deposition, yet no deposition was filed with his Response to Defendant's Motion for Summary Judgment and the portion of the deposition he argued at submission is not persuasive.

 It is a well-settled law that demand instruments are considered due immediately. *See Davis v. Dennis,* 448 S.W.2d 495, 497 (Tex.Civ.App.—Tyler 1969, no writ). *See also Holliday v. Anderson,* 428 S.W.2d 479, 480 (Tex.Civ.App.—Waco 1968, no writ) (inclusion or omission of "on demand" wording has same legal effect). Therefore, when calculating the time at which the statute of limitations starts to run, a cause of action on a demand instrument accrues "upon its date, or, if no date is stated, on the date of issue." TEX.BUS. & COM.CODE ANN. § 3.122 (Vernon 1968).

 The dates of issue on the notes were all in February and March of 1981. Suit was not brought until September of 1988. The applicable statute of limitations is a four-year period. TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986). Thus, upon its face, it is apparent that suit on the notes was barred by the statute of limitations. The first point of error is overruled.

 In appellant's second point of error, he asserts that the trial court erred in granting summary judgment because his uncontroverted statements of fraud alleged in his amended pleading raised a fact issue

as to whether the statute of limitations had been tolled. Allegations of fraud were not made until appellant filed Plaintiff's Second Amended Original Petition on March 8, 1991. The hearing on the motion for summary judgment had already been held, although the judgment was not signed until March 26, 1991. The trial court could only consider pleadings and proof "on file at the time of the hearing, or filed thereafter and before judgment with *permission of the court....*" Tex.R.Civ.P. 166a(c) (emphasis added). There is nothing in the record to show that appellant had obtained leave of court to file the amended pleading, or even brought it to the attention of the court so as to be considered on the motion for summary judgment. A trial court does not abuse its discretion by refusing to consider summary judgment pleadings filed after the summary judgment hearing. *See Hill v. Milani*, 678 S.W.2d 203, 205 (Tex.App.—Austin 1984) *aff'd*, 686 S.W.2d 610 (Tex. 1985). Appellant's second point of error is overruled.

Appellant contends in the third point of error that the trial court erred in overruling his motion for rehearing of the order granting summary judgment because his allegations of fraud contained in the motion and the amended pleadings were sufficient to raise a fact issue. In appellant's motion for rehearing, he alleged that as a result of fraudulent intent on the part of defendant, he did not discover the fraud until he terminated his employment, filed suit, and received defendant's answer disclaiming liability. Nevertheless, no allegations of fraud were raised in Plaintiff's Response to Defendant's Motion for Summary Judgment nor did appellant amend his petition accordingly *before* the hearing on the motion.

When a motion for new trial (rehearing) is filed after summary judgment is granted, "the district court may consider only the record as it existed prior to granting the summary judgment." *Parchman v. United Liberty Life Ins. Co.*, 640 S.W.2d 694, 696 (Tex.App.—Houston [14th Dist.] 1982 writ ref'd n.r.e.). Appellant, having failed to raise the issue of fraud at the summary judgment hearing, cannot raise the issue on appeal. *Id.* at 696. We hold the trial court did not abuse its discretion by overruling appellant's motion for rehearing. Appellant's third point of error is overruled, and the judgment of the trial court is affirmed.