Benjamin TAYLOR, Janice Taylor Lewis and Robert Green, Individually and on Behalf of the Estate of Mary Leonard Taylor, Deceased, Appellants,

v.

SUNBELT MANAGEMENT, INC. d/b/a The Orleans Apartments, Appellee.

No. 14–94–00676–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 17, 1995.

Sarnie A. Randle, Jr., Pamela Pope Johnson, Houston, for appellants.

John C. Allen, Christy A. Hext, Houston, for appellee.

Before YATES, ANDERSON, and SEARS,* JJ.

## OPINION

SEARS, Justice (Assigned).

This is an appeal from a summary judgment in favor of appellee, Sunbelt Management. Appellants brought suit to recover for the wrongful death of Mary Leonard Taylor who died as a result of a gunshot wound inflicted by Fred Gibson. Gibson, a security guard at an apartment complex, was an employee of an independent contractor hired to provide security at appellee's property. Appellants bring two points of error contending the trial court erred in granting summary judgment in favor of appellee because appellee did not present evidence to rebut appellants' claims of "intentional conduct" by Gibson.

* The Honorable Ross A. Sears sitting by assignment.

son, or, because a material fact issue existed as to whether appellee was liable for the "intentional acts" of an employee of its independent contractor. We affirm the judgment of the trial court.

On the evening of February 7, 1991, Mary L. Taylor and her son, Benjamin Taylor, visited a resident of the Orleans Apartments, a property managed by appellee. Upon exiting the property, Fred Gibson, a uniformed security guard employed by First Security Guard Company, stopped Taylor's car. Gibson began to question Benjamin and then suddenly pulled him out as if to arrest him. Mary got out and went around the car to aid her son. Gibson then shot and killed Mary Taylor. At the time of the shooting, the undisputed summary judgment proof showed that Gibson was an employee of First Security Guard Company, was in the course and scope of his employment, and that First Security Guard Company was an independent contractor of appellee. Appellants sued Gibson, First Security Company and appellee for the wrongful death of Mary Taylor. Appellants have reached a settlement with First Security Company and Gibson is not party to this appeal.

In their first point of error, appellants contend the trial court erred in granting summary judgment for appellee because appellee failed to negate a cause of action for the "intentional acts" on the part of Gibson. In the second point of error, appellants contend the trial court erred in failing to grant a motion for rehearing based on Appellees' failure to negate a cause action for the "intentional torts" of the independent contractor's employee. Because both points of error hinge on whether appellants adequately pled a cause of action for the *intentional* torts of Gibson, we discuss both points of error together.

■ Under Texas law, a party is not liable for the *negligent* acts of its independent contractor and only is liable for the *intentional* acts of its independent contractor. *Exxon Corp. v. Quinn*, 726 S.W.2d 17, 19 (Tex.1987); *Ross v. Texas One Partnership*, 796 S.W.2d 206, 209 (Tex.App.—Dallas 1990, writ denied, *per curiam*, 806 S.W.2d 222 (1991)). The doctrine of respondeat su-

perior does not apply to an employee of an independent contractor. *Phillips Pipe Line Co. v. McKown*, 580 S.W.2d 435, 438 (Tex. Civ.App.—Tyler 1979, writ ref'd n.r.e.). As explained by the Dallas Court of Appeals in *Ross*, this rule is particularly important when the independent contractor is hired to provide security for a property owner. Owners of premises should be able to hire independent contractors, for purposes of providing armed security and protection of their property, without being exposed to automatic liability for the negligent discharge of firearms by such employees in the course and scope of their employment. *Ross*, 796 S.W.2d at 215. As a matter of law, work undertaken by the security company is not inherently dangerous and can be delegated to an independent contractor. *Ross*, 796 S.W.2d at 215; *Brien v. 18925 Collins Avenue Corp.*, 233 So.2d 847 (Fla.Dist.Ct.App.1970); 38 A.L.R.3d 1332, 1340.

■ Appellants, like the plaintiffs in *Ross*, failed to allege an *intentional* tort. Appellants' Second Amended Original Petition, the live pleading on file at the time of the summary judgment, contains language almost identical to that found in *Ross*. In their first cause of action against appellee, appellants allege negligence and wrongful death claims for appellee's failure to provide safe premises, failure to provide adequate and appropriate security, and the "negligent" acts of Fred Gibson. In their second cause of action against First Security Guard, appellants alleged a cause of action, "[f]or Defendant Gibson's wanton and willful shooting of decedent, Mary Taylor." In the damages portion of their pleadings, appellants allege, "[a]s a direct and proximate result of Defendant's negligence and willful, wanton disregard and malicious action as described above, decedent was taken to a nearby hospital and subsequently died from her injuries." Finally, in the joint and several liability portion of the petition, appellants contend, "Defendants' gross negligence and malicious action and because of violations of [the Wrongful Death Act], they are liable, jointly and severally to plaintiffs for damages." There is no mention of any claim for an "intentional" act. Appel-

lants' only claims are for negligence, gross negligence, and wrongful death.

This case is strikingly similar to the *Ross* case decided by the Dallas Court of Appeals, in which that court held that the plaintiffs failed to adequately plead a cause of action for an intentional tort. The *Ross* plaintiff alleged "acts and/or omissions of wanton, willful and malicious misconduct." *Ross*, 796 S.W.2d at 212. The Dallas Court of Appeals found that, when read in context, any mention of "intentional conduct" was in fact an allegation of gross negligence. *Id.* The *Ross* plaintiffs' contention that shooting someone with a gun may be presumed to be intentional was rejected because of the "obvious possibility any given shooting may well have been negligent as opposed to intentional." *Id.* We agree with the Dallas Court of Appeals and decline to *presume* that Gibson's shooting of Mary Taylor was an intentional act.

Appellants also contend that even if they failed to plead an intentional tort prior to the hearing on summary judgment, the trial court still erred because they filed the Fourth Amended Original Petition alleging intentional tort prior to the entry of judgment. The record does not contain a Fourth Amended Original Petition.

■ Rule 166a(c) provides that a motion for summary judgment is proper if the pleadings **"on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, ...** show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Tex.R.Civ.P. 166a(c) (emphasis added). However, the record is silent as to any "permission of the court" to file pleadings after the summary judgment hearing. Therefore we cannot consider appellants' pleadings which were admittedly filed *after* the motion for summary judgment hearing. *Leinen v. Buffington's Bayou City Service Co.*, 824 S.W.2d 682, 685 (Tex.App.— Houston [14th Dist.] 1992, no writ).

As in *Leinen*, appellants raised new allegations for the first time after the summary judgment hearing. In the absence of compliance with Rule 166a(c)'s requirement of "permission" to file additional pleadings raising new causes of action, the trial court was limited to reviewing only those pleadings on file at the time of the summary judgment hearing to determine if plaintiff plead a viable cause of action. *Id.* In *Leinen*, as in this case, there was nothing in the record to show that plaintiffs obtained leave of court to file the amended pleading, or even brought it to the attention of the court so it could be considered at the time of the hearing on the motion for summary judgment. *Id.* Therefore, the trial court did not abuse its discretion by refusing to consider pleadings filed after the summary judgment hearing, even though they were filed before the judgment was signed. *Id.* Both points of error are overruled.

We hold the trial court did not err in granting summary judgment to appellee because they are not liable for the *negligent* acts of the employee of an independent contractor. Further, we hold the trial court did not err in refusing to consider new causes of action filed after summary judgment was granted, and before judgment was entered, because appellant failed to comply with Rule 166a(c) and obtain permission of the court to file plaintiff's Fourth Amended Original Petition.

We affirm the judgment of the trial court.