Affirmed and Memorandum Opinion filed May 13, 2004









Affirmed and Memorandum Opinion filed May 13, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00053-CV

_______________

 

NELDA SANCHEZ, Appellant

 

V.

 

KROGERS, INC., Appellee

________________________________________________________________

 

On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 100,170

________________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

In
this slip-and-fall case, Nelda Sanchez appeals a no-evidence summary judgment
entered in favor of Krogers, Inc. (AKrogers@) on the ground that she produced
sufficient evidence to raise a fact issue whether Krogers had actual or
constructive knowledge of the substance on the floor that caused her to
fall.  We affirm.








Sanchez
filed a premises liability action against Krogers for injuries she allegedly suffered
from falling in a Krogers supermarket. 
Krogers filed a no-evidence motion for summary judgment (the Amotion@), contending that there was no
evidence Krogers had actual or constructive knowledge of the allegedly
dangerous condition that caused Sanchez to fall.  The trial court granted the motion.

A
no‑evidence motion for summary judgment must be granted if: (1) the
moving party asserts that there is no evidence of one or more specified
elements of a claim or defense on which the adverse party would have the burden
of proof at trial; and (2) the respondent produces no summary judgment evidence
raising a genuine issue of material fact on those elements.  See Tex.
R. Civ. P. 166a(i).  In reviewing
a no‑evidence summary judgment, we review the evidence in the light most
favorable to the nonmovant, disregarding all contrary evidence and inferences,
to determine whether more than a scintilla of probative evidence was presented
on the challenged elements of the nonmovant=s claim.  See King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (2003).

To
prevail on a premise liability claim, a plaintiff must prove, among other
things, actual or constructive knowledge by the owner or occupier of a
condition on the premises that posed an unreasonable risk of harm.  CMH Homes, Inc. v. Daenen, 15 S.W.3d
97, 99 (Tex. 2000).  In a slip‑and‑fall
case, this knowledge element can be established if the plaintiff shows either
that: (1) the defendant put the foreign substance on the floor; (2) the
defendant actually knew the substance was on the floor; or (3) it is more
likely than not the condition existed long enough to give the defendant a
reasonable opportunity to discover it.  Wal-Mart
Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002).








To
raise a fact issue on the knowledge element in this case, Sanchez=s summary judgment response relied
solely on her supplemental interrogatory answer, identifying witnesses
allegedly having knowledge of the facts necessary to prove her case.  However, a party may not rely on her own
answer to an interrogatory as summary judgment evidence.  Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2002).  In addition, Sanchez was not a competent
witness to testify about the knowledge possessed by other witnesses.[1]  Therefore, Sanchez=s summary judgment response failed to
provide any evidence to raise a fact issue concerning Krogers=s knowledge of the allegedly
dangerous condition.

Sanchez
also contends that the trial court erred in denying her post-judgment motion to
reconsider because the affidavits attached to it contained sufficient evidence
to raise a fact issue regarding Krogers=s knowledge.  However, fact issues that are not raised by
summary judgment evidence set forth in a summary judgment motion or response
filed before judgment is entered may not be considered as grounds for reversal
on appeal.[2]  Therefore, evidence contained in the
affidavits attached to Sanchez=s motion for reconsideration are not a proper basis to
reverse the summary judgment.

Because
Sanchez=s issues thus fail to demonstrate
that she provided timely and proper summary judgment evidence responsive to
Krogers=s no-evidence motion for summary
judgment, they are overruled, and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 13, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

 











[1]           See
Tex. R. Evid. 602 (A witness
may not testify to a matter unless sufficient evidence is introduced to support
a finding that the witness has personal knowledge of the matter);  Tex. Div.-Tranter, Inc. v. Carroza, 876
S.W.2d 312, 314 (Tex. 1994) (holding that terminated employee=s affidavit, stating his belief that he and other
employees had been terminated because they filed worker=s compensation claims against the employer, was
conclusory for failing to state a basis for this knowledge and thus not
competent summary judgment evidence to raise a fact issue on retaliatory
motive).





[2]           See
Tex. R. Civ. P. 166a(c); Benchmark
Bank v. Crowder, 919 S.W.2d 657, 663 (Tex.1996); Hussong v. Schwan=s Sales Enters., Inc., 896 S.W.2d 320, 323 (Tex. App.CHouston [1st Dist.] 1995, no writ);  Leinen v. Buffington=s Bayou City Serv. Co., 824 S.W.2d 682, 685 (Tex. App.CHouston [14th Dist.] 1992, no writ).