**9029 GATEWAY SOUTH JOINT VENTURE, Appellant,**

v.

**ELLER MEDIA COMPANY, Appellee.**

No. 08–03–00397–CV.

Court of Appeals of Texas, El Paso.

Dec. 9, 2004.

Mark Berry, El Paso, for Appellant.

Robert R. Feuille, El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

9029 Gateway South Joint Venture appeals from a summary judgment granted

in favor of Eller Media Company. At issue is whether Eller Media properly amended its original answer to assert an affirmative defense which formed the basis of its motion for summary judgment. We affirm.

## FACTUAL SUMMARY

On May 30, 2000, the Joint Venture entered into a written lease agreement with Laizure/Cooney of Texas, L.L.C. for the erection and maintenance of an outdoor advertising structure on its property. Laizure/Cooney was responsible for obtaining all necessary permits for the erection of the billboard. Subsequent to the execution of the lease, Eller Media became the successor in interest to Laizure/Cooney and was bound to perform the terms of the lease.

As it turned out, the billboard could not be legally constructed on the property. El Paso Municipal Ordinance Section 20.66.210(B) prohibits erection of billboards within 200 feet of the property line of R–4 zoned property when on the same side of the street. The leased property lies within 200 feet of Tract 503, located on the same side of the street and zoned R–4. Consequently, Eller Media attempted to have rental payments under the lease reduced. When the Joint Venture refused, Eller Media gave notice of termination pursuant to a lease provision allowing cancellation of the contract if the billboard could not be constructed unobstructed or if its erection would be illegal. The Joint Venture then sued Eller Media for breach of contract.

Because the time line is pertinent to our analysis, we will offer some detail of the procedural history.

- February 8, 2001—Eller Media files a general denial.
- November 2, 2001—Eller Media files a motion for summary judgment contending that it was entitled to cancellation of the lease as a matter of law. A hearing is set for December 3, and then re-set to December 31.
- December 21, 2001—The Joint Venture files its response, claiming that Eller Media was seeking summary judgment based on an affirmative defense which it had failed to plead.
- December 26, 2001—Eller Media files an amended answer pleading the affirmative defense of cancellation. Contemporaneously, it files a motion for leave to file its amended answer.
- December 31, 2001—No hearing is actually conducted. The Honorable Sam Paxson does not issue a ruling on the motion for summary judgment before he retires from the bench.
- December 19, 2002—The newly elected judge, the Honorable Gonzalo Garcia, issues a notice of intent to dismiss for want of prosecution.
- April 7, 2003—Eller Media re-files its amended answer pleading cancellation as an affirmative defense.
- April 9, 2003—The trial court, *sua sponte*, sets a summary judgment hearing for May 1, 2003.
- April 30, 2003—The Joint Venture files an objection to Eller Media's motion for leave to amend its answer.
- May 5, 2003—The summary judgment hearing is re-set for May 21, 2003.
- May 22, 2003—The trial court grants Eller Media's request for leave to file its first amended answer.
- July 16, 2003—The trial court grants summary judgment in favor of Eller Media.

## MOTION FOR SUMMARY JUDGMENT

In its sole point of error on appeal, the Joint Venture challenges the summary

judgment, contending that Eller Media had failed to plead its affirmative defense at the time of the summary judgment hearing. It argues that it was forced to respond to the case as it existed on December 21, 2001 while the court ruled on the case as it existed on May 22, 2003. Simply stated, the Joint Venture complains that it was never given an opportunity to respond to the affirmative defense. It also maintains that the trial court had no authority to reschedule the date of the hearing. For the reasons that follow, we disagree.

### Standard of Review

In a traditional summary judgment proceeding, the standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 784 (Tex.App.-El Paso 1996, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Duran*, 921 S.W.2d at 784. In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Duran*, 921 S.W.2d at 784. A defendant who conclusively negates at least one essential element of each theory pled by the plaintiff is entitled to summary judgment. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993); *see Camacho v. Samaniego*, 954 S.W.2d 811, 817 (Tex. App.-El Paso 1997, pet. denied). A defendant can also prevail by pleading and conclusively establishing every element of an affirmative defense. *Holguin v. Ysleta Del Sur Pueblo*, 954 S.W.2d 843, 846 (Tex. App.-El Paso 1997, pet. denied). Such is the issue here.

### The Affirmative Defense

The terms "rescission" and "cancellation" are virtually synonymous. *Ferguson v. DRG/Colony North, Ltd.*, 764 S.W.2d 874, 887 (Tex.App.-Austin,1989, writ denied). If there is a distinction, it is only that rescission is a general undoing of an agreement while cancellation is a more formal annulment or rendering of an instrument ineffective as a legal obligation. *Id., citing Cheek v. Metzer*, 116 Tex. 356, 291 S.W. 860 (1927), *Hickox v. Hickox*, 151 S.W.2d 913 (Tex.Civ.App.-El Paso 1941, no writ). Rescission and cancellation are affirmative defenses that must be specifically pled. Tex.R.Civ.P. 94; *Wilson v. Remmel Cattle Co., Inc.*, 542 S.W.2d 938, 942 (Tex. Civ.App.-Amarillo 1976, writ ref'd n.r.e.). An affirmative defense must be asserted by way of written pleading or it is waived. *Bracton Corp. v. Evans Construction Co.*, 784 S.W.2d 708, 710 (Tex.App.-Houston [14th Dist.] 1990, no writ); Tex.R. Civ. P. 94.

### Requirements of Rule 166a

Rule 166a(c) provides that the trial court should render summary judgment based on the pleadings on file at the time of the hearing. Tex.R.Civ.P. 166a(c). A party may file an amended pleading after it files its motion or response. *Cluett v. Medical Protective Co.*, 829 S.W.2d 822, 825–26 (Tex.App.-Dallas 1992, writ denied).

A party should file an amended answer as soon as possible and no later than seven days before the hearing. Tex.R.Civ.P. 63; *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex.1995). In computing the seven-day period, the day the party files the amended pleading is not counted, but the day of the hearing on the motion for summary judgment is counted. *Sosa*, 909 S.W.2d at 895. If the party realizes it must amend after the seven-day deadline, it should file its amended pleading before the hearing without asking the court for leave to file. Tex.R.Civ.P. 166a(c). Unless the record reflects that the court denied leave to amend, we are to assume the trial court considered the amended pleading. *Goswami v. Metropolitan Sav. And Loan Ass'n*, 751 S.W.2d 487, 490–91 (Tex. 1988). We presume leave to amend was granted if the motion for leave is filed within seven days of the hearing and (1) the summary judgment states that all pleadings were considered, (2) the record does not indicate that an amended pleading was *not* considered, and (3) the opposing party does not show surprise. *Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276 (Tex.1996).

■ Once the hearing date on the motion for summary judgment has passed, a party may file an amended pleading before the court signs a judgment only if it secures a written order granting leave to file. Tex.R.Civ.P. 166a(c); *Hussong v. Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 323 (Tex.App.-Houston [1st Dist.] 1995, no writ), *Leinen v. Buffington's Bayou City Service Co.*, 824 S.W.2d 682, 685 (Tex.App.-Houston [14th Dist.] 1992, no writ). In this circumstance, we assume leave has been denied unless the record affirmatively reflects that the court granted leave. *Leinen*, 824 S.W.2d at 685.

### Analysis

■ We reiterate that we presume leave to amend was granted if the motion for leave is filed within seven days of the hearing and (1) the summary judgment states that all pleadings were considered, (2) the record does not indicate that an amended pleading was *not* considered, and (3) the opposing party does not show surprise. *Continental Airlines*, 920 S.W.2d at 276. Eller Media filed its first amended answer on December 26, 2001, five days before the December 31 hearing and more than a year before the May 2003 hearing. *See* Tex.R.Civ.P. 63, 166a(c); *Sosa*, 909 S.W.2d at 895. For whatever reason, Judge Paxson did not rule on the merits before he left the bench. The successor judge granted leave to file the amended answer before the summary judgment was granted. *See Goswami*, 751 S.W.2d at 490–91. The summary judgment itself states that the pleadings were considered, and nothing in the record suggests the amended pleading was *not* considered. *See Continental*, 920 S.W.2d at 276. Thus, we assume the trial court considered the amended pleading. *Goswami*, 751 S.W.2d at 490–91. The last question is whether the Joint Venture showed surprise. *See id.* It did not. It knew what affirmative defense Eller Media was asserting when the motion for summary judgment was filed. It knew before suit was filed that Eller Media contended it was entitled to cancel the lease. Its own petition alleges that "Defendant gave notice of its intent to terminate the lease ... and ... the Defendant was allegedly entitled to cancel the agreement."

We conclude that Eller Media properly pleaded the affirmative defense of cancellation in its amended pleading and that the trial court considered the amended pleading in granting summary judgment in favor of Eller Media. We overrule the sole

point of error and affirm the judgment of the trial court.