COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
9029 GATEWAY SOUTH JOINT VENTURE, )                  No. 08-03-00397-CV
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  210th District Court
)
ELLER MEDIA COMPANY,                            )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2001-025)

O P I N I O N

            9029 Gateway South Joint Venture appeals from a summary judgment granted in favor of
Eller Media Company. At issue is whether Eller Media properly amended its original answer to
assert an affirmative defense which formed the basis of its motion for summary judgment. We
affirm.
FACTUAL SUMMARY
            On May 30, 2000, the Joint Venture entered into a written lease agreement with
Laizure/Cooney of Texas, L.L.C. for the erection and maintenance of an outdoor advertising
structure on its property. Laizure/Cooney was responsible for obtaining all necessary permits for the
erection of the billboard. Subsequent to the execution of the lease, Eller Media became the successor
in interest to Laizure/Cooney and was bound to perform the terms of the lease. 
            As it turned out, the billboard could not be legally constructed on the property. El Paso
Municipal Ordinance Section 20.66.210(B) prohibits erection of billboards within 200 feet of the
property line of R-4 zoned property when on the same side of the street. The leased property lies
within 200 feet of Tract 503, located on the same side of the street and zoned R-4. Consequently,
Eller Media attempted to have rental payments under the lease reduced. When the Joint Venture
refused, Eller Media gave notice of termination pursuant to a lease provision allowing cancellation
of the contract if the billboard could not be constructed unobstructed or if its erection would be
illegal. The Joint Venture then sued Eller Media for breach of contract.
            Because the time line is pertinent to our analysis, we will offer some detail of the procedural
history.
●          February 8, 2001 -- Eller Media files a general denial. 
●          November 2, 2001 -- Eller Media files a motion for summary judgment contending that it
was entitled to cancellation of the lease as a matter of law. A hearing is set for December
3, and then re-set to December 31.
 
●          December 21, 2001 -- The Joint Venture files its response, claiming that Eller Media was
seeking summary judgment based on an affirmative defense which it had failed to plead. 
 
●          December 26, 2001 -- Eller Media files an amended answer pleading the affirmative defense
of cancellation. Contemporaneously, it files a motion for leave to file its amended answer.
 
●          December 31, 2001 -- No hearing is actually conducted. The Honorable Sam Paxson does
not issue a ruling on the motion for summary judgment before he retires from the bench.
 
●          December 19, 2002 -- The newly elected judge, the Honorable Gonzalo Garcia, issues a
notice of intent to dismiss for want of prosecution. 
 
●          April 7, 2003 -- Eller Media re-files its amended answer pleading cancellation as an
affirmative defense. 
 
●          April 9, 2003 -- The trial court, sua sponte, sets a summary judgment hearing for May 1,
2003. 
 
●          April 30, 2003 -- The Joint Venture files an objection to Eller Media’s motion for leave to
amend its answer. 
 
●          May 5, 2003 -- The summary judgment hearing is re-set for May 21, 2003. 
 
●          May 22, 2003 -- The trial court grants Eller Media’s request for leave to file its first amended
answer. 
 
●          July 16, 2003 -- The trial court grants summary judgment in favor of Eller Media. 

MOTION FOR SUMMARY JUDGMENT
            In its sole point of error on appeal, the Joint Venture challenges the summary judgment,
contending that Eller Media had failed to plead its affirmative defense at the time of the summary
judgment hearing. It argues that it was forced to respond to the case as it existed on December 21, 
2001 while the court ruled on the case as it existed on May 22, 2003. Simply stated, the Joint
Venture complains that it was never given an opportunity to respond to the affirmative defense. It
also maintains that the trial court had no authority to reschedule the date of the hearing. For the
reasons that follow, we disagree.
Standard of Review
            In a traditional summary judgment proceeding, the standard of review on appeal is whether
the successful movant at the trial level carried the burden of showing that there is no genuine issue
of material fact and that judgment should be granted as a matter of law. Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Duran v. Furr’s Supermarkets, Inc., 921 S.W.2d 778, 784
(Tex.App.--El Paso 1996, writ denied). Thus, the question on appeal is not whether the summary
judgment proof raises fact issues as to required elements of the movant’s cause or claim, but whether
the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material
fact as to one or more elements of the movant’s cause or claim. Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970); Duran, 921 S.W.2d at 784. In resolving the issue of whether the
movant has carried this burden, all evidence favorable to the non-movant must be taken as true and
all reasonable inferences, including any doubts, must be resolved in the non-movant’s favor. Nixon
v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985); Duran, 921 S.W.2d
at 784. A defendant who conclusively negates at least one essential element of each theory pled by
the plaintiff is entitled to summary judgment. Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex.
1993); see Camacho v. Samaniego, 954 S.W.2d 811, 817 (Tex.App.--El Paso 1997, pet. denied). 
A defendant can also prevail by pleading and conclusively establishing every element of an
affirmative defense. Holguin v. Ysleta Del Sur Pueblo, 954 S.W.2d 843, 846 (Tex.App.--El Paso
1997, pet. denied). Such is the issue here.
The Affirmative Defense
            The terms “rescission” and “cancellation” are virtually synonymous. Ferguson v.
DRG/Colony North, Ltd., 764 S.W.2d 874, 887 (Tex.App.--Austin,1989, writ denied). If there is a
distinction, it is only that rescission is a general undoing of an agreement while cancellation is a
more formal annulment or rendering of an instrument ineffective as a legal obligation. Id., citing
Cheek v. Metzer, 116 Tex. 356, 291 S.W. 860 (1927), Hickox v. Hickox, 151 S.W.2d 913
(Tex.Civ.App.--El Paso 1941, no writ). Rescission and cancellation are affirmative defenses that
must be specifically pled. Tex.R.Civ.P. 94; Wilson v. Remmel Cattle Co., Inc., 542 S.W.2d 938, 942
(Tex.Civ.App.--Amarillo 1976, writ ref’d n.r.e.). An affirmative defense must be asserted by way
of written pleading or it is waived. Bracton Corp. v. Evans Construction Co., 784 S.W.2d 708, 710
(Tex.App.--Houston [14th Dist.] 1990, no writ); Tex.R. Civ. P. 94.
 

Requirements of Rule 166a
            Rule 166a(c) provides that the trial court should render summary judgment based on the
pleadings on file at the time of the hearing. Tex.R.Civ.P. 166a(c). A party may file an amended
pleading after it files its motion or response. Cluett v. Medical Protective Co., 829 S.W.2d 822, 825-26 (Tex.App.--Dallas 1992, writ denied). A party should file an amended answer as soon as possible
and no later than seven days before the hearing. Tex.R.Civ.P. 63; Sosa v. Central Power & Light,
909 S.W.2d 893, 895 (Tex. 1995). In computing the seven-day period, the day the party files the
amended pleading is not counted, but the day of the hearing on the motion for summary judgment
is counted. Sosa, 909 S.W.2d at 895. If the party realizes it must amend after the seven-day
deadline, it should file its amended pleading before the hearing without asking the court for leave
to file. Tex.R.Civ.P. 166a(c). Unless the record reflects that the court denied leave to amend, we
are to assume the trial court considered the amended pleading. Goswami v. Metropolitan Sav. And
Loan Ass’n, 751 S.W.2d 487, 490-91 (Tex. 1988). We presume leave to amend was granted if the
motion for leave is filed within seven days of the hearing and (1) the summary judgment states that
all pleadings were considered, (2) the record does not indicate that an amended pleading was not
considered, and (3) the opposing party does not show surprise. Continental Airlines, Inc. v. Kiefer,
920 S.W.2d 274, 276 (Tex. 1996). 
            Once the hearing date on the motion for summary judgment has passed, a party may file an
amended pleading before the court signs a judgment only if it secures a written order granting leave
to file. Tex.R.Civ.P. 166a(c); Hussong v. Schwan’s Sales Enterprises, Inc., 896 S.W.2d 320, 323
(Tex.App.--Houston [1st Dist.] 1995, no writ), Leinen v. Buffington’s Bayou City Service Co., 824
S.W.2d 682, 685 (Tex.App.--Houston [14th Dist.] 1992, no writ). In this circumstance, we assume
leave has been denied unless the record affirmatively reflects that the court granted leave. Leinen,
824 S.W.2d at 685.
Analysis
            We reiterate that we presume leave to amend was granted if the motion for leave is filed
within seven days of the hearing and (1) the summary judgment states that all pleadings were
considered, (2) the record does not indicate that an amended pleading was not considered, and (3)
the opposing party does not show surprise. Continental Airlines, 920 S.W.2d at 276. Eller Media
filed its first amended answer on December 26, 2001, five days before the December 31 hearing and
more than a year before the May 2003 hearing. See Tex.R.Civ.P. 63, 166a(c); Sosa, 909 S.W.2d at
895. For whatever reason, Judge Paxson did not rule on the merits before he left the bench. The
successor judge granted leave to file the amended answer before the summary judgment was granted. 
See Goswami, 751 S.W.2d at 490-91. The summary judgment itself states that the pleadings were
considered, and nothing in the record suggests the amended pleading was not considered. See
Continental, 920 S.W.2d at 276. Thus, we assume the trial court considered the amended pleading. 
Goswami, 751 S.W.2d at 490-91. The last question is whether the Joint Venture showed surprise. 
See id. It did not. It knew what affirmative defense Eller Media was asserting when the motion for
summary judgment was filed. It knew before suit was filed that Eller Media contended it was
entitled to cancel the lease. Its own petition alleges that “Defendant gave notice of its intent to
terminate the lease . . . and . . . the Defendant was allegedly entitled to cancel the agreement.”
            We conclude that Eller Media properly pleaded the affirmative defense of cancellation in its
amended pleading and that the trial court considered the amended pleading in granting summary
judgment in favor of Eller Media. We overrule the sole point of error and affirm the judgment of
the trial court.

December 9, 2004                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.