**Affirmed and Memorandum Opinion filed March 21, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00273-CV

## MARIANNE GONZAGA HESS AND DAVID CLARK HESS, Appellants

### V.

## SUNBURY ESTATES COMMUNITY IMPROVEMENT ASSOCIATION; KIMBERLY DENISE ELDER; ROBERT DANIEL TORRES; AND JOHN PATRICK LOPEZ, Appellees

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1195496**

## M E M O R A N D U M   O P I N I O N

Appellants Marianne and David Hess appeal the trial court's summary judgment dismissing their suit against their homeowners' association and certain association directors. We affirm.

## Background

The Hesses live in Post Wood, Section Five, a subdivision in Harris County. Sunbury Estates Community Improvement Association is the homeowner's association for the subdivision and assesses annual dues to the subdivision's homeowners. The Hesses sued the Association and three members of the Association's board of directors, John Patrick Lopez, Robert Daniel Torres, and Kimberly Denise Elder (collectively, the "Association"), in small claims court. The Hesses alleged the following:

> We pay yearly assessment dues to Sunbury Estates C.I.A, our HOA, yet issues such as damaged concrete forms on esplanades, streetlight blocked by overgrown tree branches and an open abandoned burned house exist. These were pointed out late yr 2020, officially 01/2021, and the reply we got is, it's not their responsibility and nothing they can do about it. Without a supporting data that it is needed, the Board of Directors decided that our HOA's biggest expense is for security, hiring 3 off duty police officers to do a patrol equivalent to around 2hrs/day. Their decisions have caused us harm.

The Hesses sought damages in the amount of $10,000 and "any other relief that this court can grant, plus all costs of court as allowed by law." The parties exchanged written discovery responses.

The Association moved for summary disposition. *See* Tex. R. Civ. P. 503.2(a)(3). The Association did not spell out the exact claim asserted by the Hesses but argued that the Hesses could not establish "each and every element of their causes of action." The Association relied on the governing Declaration of Covenants, Conditions, and Restrictions for Post Wood, Section Five ("Declaration"). The Declaration provides in pertinent part:

> [ARTICLE IV,] Section 15.  Burned Residences or Buildings.
> In the event that any Residence or building on any Plot has burned and is thereafter abandoned for at least thirty (30) days, the

2

Association may, after ten (10) days' written notice to the Owner of such Plot, and at such Owner's sole cost and expense, cause the burned Residence or other building to be removed and the Plot cleared. The Association shall not be liable in trespass or for damages, expenses, costs or otherwise to any Owner for such removal or clearing. . . .

[ARTICLE VI,] Section 2. Purpose of Annual Assessments. The Association shall use the Annual Assessments for the benefit of all Owners of the Properties. The uses and benefits to be provided by the Association shall include, but not be limited to, the following: constructing and maintaining parks, parkways, rights-of-way, easements, esplanades and other public areas; . . . employing policemen and watchmen; . . . and doing any other and all things necessary or desirable in the judgment of the Association to keep the Properties neat and in good order, or considered of general benefit to the Owners, it being understood that the judgment of the Association in the expenditure of such Assessments shall be final and conclusive so long as such judgment is exercised in good faith.

According to the Association, the Declaration granted the Association discretion in how to spend annual assessments, including for police patrol. The Declaration also granted the Association the right, but not an obligation, to clear burned residences. Accordingly, the Association argued that the Hesses could not prove "a liability finding"—i.e., breach of the Declaration. The Association also argued that the Hesses could not provide any evidence supporting their requested $10,000 in damages.

The Hesses filed an opposition, arguing that the Declaration imposed certain requirements on the Association (such as ensuring the esplanades were well-maintained), that the security expense was "ineffective" and "unnecessary," and that the Association's decisions were not exercised in good faith. The Hesses did not explain how they had been damaged by the Association's actions, nor did they attach any proof of damages.

3

The trial court granted the Association's motion and dismissed the Hesses' claims with prejudice. The Hesses timely appealed to county court.

In county court, the Association filed a motion for summary judgment, arguing that (a) it conclusively proved that it did not breach the Declaration and (b) the Hesses had no evidence of damages. The Association's motion was set for ruling by submission without an oral hearing. The day before submission, the Hesses filed a response, arguing that "the Association's interpretation [of the Declaration] and discretion are unfair and selective." The Hesses again did not produce any evidence in support of their requested damages, instead indicating that the relief sought was enforcement of the restrictive covenants in the Declaration.

After submission, the Hesses amended their complaint, specifically alleging claims for breach of contract and breach of fiduciary duty. The Hesses sought declaratory and injunctive relief, monetary damages, and attorney's fees. They did not file a motion for leave to amend their petition.

The county court granted the Association's motion for summary judgment, and the Hesses appealed to this court.

## Analysis

The Hesses present eight issues, some of which have subparts, but all can be boiled down to whether the trial court erred in granting summary judgment. Before we consider the Hesses' appellate arguments, however, we first clarify the nature of the Hesses' claim(s) that were properly presented to the county court.

### A. The Hesses' Untimely Filings

The Association filed its motion for summary judgment on December 14, 2022, and set its motion for submission twenty-three days later, on January 6, 2023. *See* Tex. R. Civ. P. 166a(c) ("[T]he motion and any supporting affidavits

4

shall be filed and served at least twenty-one days before the time specified for hearing.").[1]  The certificates of service on both the motion and the notice of hearing did not list contact information for the Hesses, but the Association certified that service was effected on opposing party by "electronic notice and/or certified mail return receipt requested."  According to the Hesses, they did not receive actual notice of the motion until December 16, when the Association's attorney emailed them the motion and supporting exhibits.  They argued that they received inadequate notice of the submission.

Rule 4 states, in relevant part, the following regarding the computation of time under the Rules of Civil Procedure:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included.  The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

Tex. R. Civ. P. 4.  In *Lewis v. Blake*, the supreme court applied Rule 4 to service of notice of a hearing on a Rule 166a(c) summary-judgment motion:

> Rule 4 could not be plainer: it applies to any period of time prescribed by the rules of procedure, and Rule 166a is one of those rules. Applying Rule 4 to Rule 166a(c), the day of service is not to be included in computing the minimum 21-day notice for hearing, and the day of hearing is.  Thus, hearing on a motion for summary judgment may be set as early as the 21st day after the motion is served, or the 24th day if the motion is served by mail.

876 S.W.2d 314, 316 (Tex. 1994).

---

[1] The date of submission has the same meaning as the day of hearing under Texas Rule of Civil Procedure 166a(c).  *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam).

In this case, the Association set the submission date for January 6, 2023, which was the 21st day after the Hesses received electronic service by email and actual notice of the Association's motion. We conclude that the Association's motion and submission date complied with the summary-judgment time period. *See id.*; *Deyo v. Bradshaw*, No. 14-19-00792-CV, 2021 WL 3416615, at *3 (Tex. App.—Houston [14th Dist.] Aug. 5, 2021, pet. denied) (mem. op.).

Except on leave of court, a party opposing a motion for summary judgment must file a response not later than seven days before the hearing or submission date. Tex. R. Civ. P. 166a(c). The Hesses responded to the Association's motion on January 5, 2023, the day before submission. This was untimely, and they did not seek or obtain leave from the trial court to file a late response. We must presume, then, that the trial court did not consider the Hesses' response or attached evidence. *See id.*; *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490-91 n.1 (Tex. 1988); *INA v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985).

The Hesses also filed an amended petition, without leave, after the submission of the Association's summary-judgment motion. Rule 166a(c) provides that a trial court shall render summary judgment if the pleadings and summary-judgment evidence "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court" show the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). After a summary-judgment hearing but before a trial court renders judgment, a party must obtain leave of court to amend a pleading. *See Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 778-79 (Tex. App.—Houston [1st Dist.] 2009, no pet.). A pleading filed after the summary-judgment hearing without leave of court cannot be considered by the trial court, nor by this court. *See MedStar Funding, LC v. Willumsen*, 650 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist. 2002, no pet.); *Taylor v. Sunbelt Mgmt., Inc.*,

6

905 S.W.2d 743, 745 (Tex. App.—Houston [14th Dist.] 1995, no writ); *W. Tex. Gas, Inc. v. 297 Gas Co.*, 864 S.W.2d 681, 685 (Tex. App.—Amarillo 1993, no writ).

Accordingly, we consider the propriety of the summary judgment based only on the claims raised in the Hesses' original petition filed in justice court. Further, we do not consider the Hesses' arguments asserted in, or evidence filed with, their untimely summary-judgment response. We need only determine whether the Association is entitled to summary judgment based on any ground raised in the motion. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

## B.    Standard of Review

The Association filed a motion titled "Defendants' Traditional Motion for Summary Judgment." In this motion, it raised both traditional and no-evidence grounds.

The Texas Supreme Court has explained that when a party files a traditional motion for summary judgment, the rules do not prevent that party from also moving for summary judgment on a no-evidence basis. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004) (litigants are not required to file separate motions for summary judgment pursuant to Texas Rule of Civil Procedure 166a(c) and 166a(i)); *see also Chrismon v. Brown*, 246 S.W.3d 102, 120-21 (Tex. App.— Houston [14th Dist.] 2008, no pet.) (supp. maj. op. on reh'g) (noting that clear headings outlining which summary-judgment arguments are traditional or no-evidence are not required).

If a movant states in its traditional motion for summary judgment that there is no evidence of one or more of the elements of the cause of action, that is sufficient to invoke rule 166a(i), and we may not disregard it. *Binur*, 135 S.W.3d

at 651 (explaining that the movant stated in its traditional motion for summary judgment "that there was no evidence of proximate cause" and holding that the lower court of appeals "erred in concluding that this ground could be disregarded because evidence was attached to the motion").

In this case, although the Association captioned its motion as requesting summary judgment under traditional grounds, we may not disregard the Association's assertion that there was no evidence of the Hesses' damages. We conclude that the Association's motion was effectively a hybrid motion containing both no-evidence and traditional grounds for summary judgment. *See id.* at 650; *see also Dealer Computer Servs., Inc. v. DCT Hollister Rd, LLC*, 574 S.W.3d 610, 623 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (construing motion that stated it was filed under rule 166a(c) and did not reference rule 166a(i) as a hybrid motion because the movant clearly asserted a no-evidence ground attacking an essential element of the nonmovant's claim).

When a party moves for summary judgment on both traditional and no-evidence grounds, we first address the no-evidence grounds. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004). A party may move for summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Once the motion is filed, the burden shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. Tex. R. Civ. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). If the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, summary judgment is improper. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla

of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions," while less than a scintilla exists when the evidence is "so weak as to do no more than create mere surmise or suspicion." *Id.*

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "When reviewing a no-evidence summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus.*, 286 S.W.3d at 310.

A defendant moving for summary judgment is required to meet the plaintiff's causes of action as they are pleaded and to demonstrate that the plaintiff cannot prevail on those claims. *See Jones v. Wal-Mart Stores, Inc.*, 893 S.W.2d 144, 147 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *Cook v. Brundidge, Fountain, Elliott & Churchill*, 533 S.W.2d 751, 759 (Tex. 1976)).

## C.     The County Court's Summary Judgment

Liberally construing their original petition, the Hesses asserted a claim for breach of the Declaration. This is essentially a breach of contract claim. *See Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 280 (Tex. 2018) (noting that courts "have always treated unambiguous covenants as valid contracts between individuals"); *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998) (stating that "restrictive covenants are subject to the general rules of contract construction"). Two of the essential elements of such a claim are: (1) breach; and (2) damages. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018) (elements of breach of contract claim).

The Hesses alleged that the Association breached the Declaration by: not remedying broken "concrete forms" (i.e., curbs) on subdivision esplanades, a blocked streetlight, or a burned abandoned house; and allocating the majority of the assessments to security patrols. They also alleged that they had suffered $10,000 in damages. In its motion, the Association argued, under a heading titled "No Injury of Damages Can Be Established":

> Plaintiffs cannot quantify or provide any evidence establishing their purported damages, which is an essential element of any claim they could possibly assert. In their petition, Plaintiffs state they are seeking $10,000 in damages but have produced no evidence to support such an egregious demand.

Because the Association moved for summary judgment on the basis that the Hesses had no evidence of damages and the Hesses failed to timely respond with evidence, we conclude there is no evidence raising a genuine issue of material fact about any of the claims challenged in the motion. Because a "court must grant the motion unless the respondent produces summary[-]judgment evidence raising a genuine issue of material fact" concerning the elements raised in the motion, we hold the trial court did not err in granting the Association's motion for summary judgment. Tex. R. Civ. P. 166a(i); *see also Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i)."); *Garza v. Terra Nova Ins. Co.*, No. 14-08-00653-CV, 2010 WL 1992576, at *3 (Tex. App.—Houston [14th Dist.] May 20, 2010, pet. denied) (mem. op.).

We overrule the Hesses' issues.

## Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
        Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.