## In re TREND GATHERING & TREATING, LP.

### No. 10–06–00266–CV.

Court of Appeals of Texas, Waco.

Sept. 7, 2006.

Andy McSwain, Fulbright Winniford PC, Waco, Richard W. Wiseman, Brown Herman Dean Wiseman Liser & Hart LLP, Fort Worth, appellant/relator.

Bryan F. Russ, Jr., Palmos Russ McCullough & Russ LLP, Hearne, for appellee/respondent.

## CONCURRING AND DISSENTING OPINION TO ORDER

TOM GRAY, Chief Justice.

Here we go again—re-lawyering the case for the parties by granting relief not requested. I would not stay all the proceedings in the trial court because the Relator did not make this request. Actually, there is no "case" yet existing in the trial court; only the petition for condemnation filed by Trend. The commissioners have been appointed but they have not made an award. So there is nothing to which an objection can be filed, which is the point in time at which this condemnation proceeding will become an actual contested case pending in the district court. *See* TEX. PROP.CODE ANN. § 21.018(b) (Vernon 2004); *State v. Carlton,* 901 S.W.2d 736, 738 (Tex.App.–Austin 1995, no writ).

I would order that the trial court not reduce the order lifting the lis pendens to writing. If a written order has already been signed, I would require the order to be rescinded and, if the order had already been filed, that the lis pendens be reinstated. This is all the relief the Relator requested [1]; anything beyond that is just the majority doing its own thing.

I note that the stay of all court proceedings does not, and it appears we cannot, prohibit the commissioners from going forward under their currently existing appointment and holding a commissioners' hearing. If they file their award, will the parties be prohibited by the stay from filing an objection so as to commence the contested case? If I was going to order a stay, I would avoid this dilemma by making the order more clear about what is stayed.

I concur with the majority's order only in that it requests a response and may prevent the implementation of the trial court's oral order lifting the lis pendens; otherwise, I dissent for the reasons indicated.

---

1. Relator's prayer, in its entirety, is as follows:
    For the reasons stated in this Motion, Relator asks the Court for an emergency stay of the Trial Court's Order to dissolve the Lis Pendens in the underlying cause, to maintain the status quo of the parties, protect Trend's statutory Lis Pendens rights, and preserve the Court's jurisdiction to consider the merits of Relator's original proceeding.