NAVASOTA RESOURCES, L.P., Appellant,

v.

FIRST SOURCE TEXAS, Inc., First Source Gas, L.P., Gastar Exploration Texas, LLC f/k/a Bossier Basin, LLC, First Texas Gas, L.P., First Source Bossier, LLC, Gastar Exploration, LTD., Chesapeake Energy Corp., Chesapeake Expor ation LTD. P'SHIP & Chesapeake Operating, Inc., Appellees.

No. 10–06–00236–CV.

Court of Appeals of Texas, Waco.

Dec. 13, 2006.

Kent Rutter, Haynes & Boone LLP, Houston, Gayle Wilson Ray, Attorney At Law, Buffalo, for Appellant/Relator.

Roger Knight, Roger Knight, Jr. Inc., Madisonville, James D. Thompson, III, Vinson & Elkins LLP, Jesse R. Pierce, King & Spalding, Houston, Bryan F. Russ, Palmos, Russ, McCullough & Russ, LLP, Hearne, for Appellee/Respondent.

## DISSENTING OPINION TO SEALING ORDER

TOM GRAY, Chief Justice.

It is a very pleasant surprise to see cooperation among litigants and their counsel. Under normal circumstances, I do not interfere with the litigants' rights to conduct their litigation in a manner in which they have determined is best for their clients. I endeavor to avoid re-lawyering a case for a party, particularly in the identification and briefing of issues not

raised by an appellant. I believe so strongly that it is improper to do this that I have been openly critical of my colleagues when they have done it. *See, e.g., In re Trend Gathering & Treating, LP,* No. 10–06–00266–CV, 2006 WL 2602053, 2006 Tex.App. LEXIS 8087, — S.W.3d —— (Tex.App.-Waco Sept. 7, 2006, order) (Gray, C.J., concurring & dissenting), *disp. on merits,* 2006 WL 2692819, 2006 Tex.App. LEXIS 8273 (Tex.App.-Waco Sept. 20, 2006, orig. proceeding) (mem.op.) (per curiam); *In re Marriage of Eilers,* 205 S.W.3d 637 (Tex.App.-Waco 2006, pet. filed) (Gray, C.J., concurring & dissenting); *In re Z.A.T.,* 193 S.W.3d 197, 211, 215 n. 2 (Tex.App.-Waco 2006, pet. denied) (Gray, C.J., concurring).

At first glance, it may appear that in this dissenting opinion I am deviating from that position. This is a departure, but it is a departure to adhere to another belief. That belief is that even when the parties agree to violate what I believe the rule of law to be, as a justice who has taken an oath to preserve, protect, and defend the laws of this State, I am not at liberty to validate the parties' conduct. *See* TEX. CONST. art. XVI, § 1(a).

Appellant Navasota Resources has filed an Unopposed Motion to File Appellant's Brief Under Seal.[1] (Mot.) Attached as an exhibit to the motion is the trial court's Unopposed Protective Order Regarding Confidentiality. (*Id.* Ex.A); *see* TEX.R. CIV. P. 11, 192.6(b)(5). Such agreements under Texas Rule of Civil Procedure 11 were very common prior to the adoption of Rule of Civil Procedure 76a, which now governs the sealing of trial court records. *See* TEX.R. CIV. P. 76a. The order governs the use of "Confidential Information," that is, "commercially sensitive information."[2] (Mot. Ex. A at 1.) Two of the four volumes of the clerk's record have been filed under seal on the trial court's order. (3–4 C.R.)

Rule of Civil Procedure 192.6 provides that the trial court may order that "the results of discovery be sealed or otherwise protected," but only "subject to the provisions of Rule 76a." TEX.R. CIV. P. 192.6(b)(5); *see In re Dallas Morning News,* 10 S.W.3d 298, 298 n. 2 (Tex.1999) (orig.proceeding) (per curiam); *Gen. Tire, Inc. v. Kepple,* 970 S.W.2d 520, 524 (Tex. 1998). However, Rule 76a was designed to prevent secret litigation absent a compelling need. *See generally* Robert C. Nissen, Note, *Open Court Records in Products Liability Litigation Under Texas Rule 76a,* 72 TEX. L.REV. 931 (1994); Lloyd Doggett & Michael J. Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest,* 69 TEX. L.REV. 643 (1991). The rule prohibits private agreements which prevent the disclosure of information and documents absent strict

---

1. The motion does not purport to be sealed.

2. I note that the motion states, "Under the Protective Order, certain documents and information exchanged between the parties through discovery are deemed confidential. The Protective Order further provides that all motions and pleadings discussing or reflecting confidential information shall be filed under seal." (Mot. at 1–2.) I do not perceive that the order does either. The order states that it "establishes procedures to facilitate discovery while maintaining the confidentiality of commercially sensitive information (referred to here as 'Confidential Information')."

(*Id.* Ex. A at 1.) The order "applies to all documents and tangible things produced by any party in connection with this lawsuit, including copies, excerpts, and summaries thereof, and all deposition testimony in which such documents or tangible things (including the contents thereof) are discussed." (*Id.*) And the order requires that "[p]arties seeking to file Confidential Information with a motion or pleading shall file such motion and Confidential Information under seal." (*Id.* at 4.) Navasota Resources cannot rely on the trial court's order to justify sealing its brief on appeal.

compliance with the rule. *See* TEX.R. CIV. P. 76a; *Davenport v. Garcia*, 834 S.W.2d 4, 24 (Tex.1992) (orig. proceeding); *see also Gen. Tire* at 524. "[C]ourt records," as defined by Rule 76a, "are presumed to be open to the general public." TEX.R. CIV. P. 76a(1); *see In re Cont'l Gen. Tire, Inc.*, 979 S.W.2d 609, 614 n. 4 (Tex.1998) (orig. proceeding); *Gen. Tire* at 523; *Davenport* at 23; *In re Bain*, 144 S.W.3d 236, 241 (Tex.App.-Tyler 2004, orig. proceeding). Under the rule, "court records"

> may be sealed only upon a showing of all of the following:
>
> (a) a specific, serious and substantial interest which clearly outweighs:
>
> (1) th[e] presumption of openness;
>
> (2) any probable adverse effect that sealing will have upon the general public health or safety;
>
> (b) no less restrictive means than sealing records will adequately and effectively protect the public interest asserted.

TEX.R. CIV. P. 76a(1).

The term "court records" includes, relevant to this case, both documents filed with a court, with rare exceptions, and some unfiled discovery products. "Court records" include

> all documents of any nature filed in connection with any matter before any civil court, except:
>
> (1) documents filed with a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents;
>
> (2) documents in court files to which access is otherwise restricted by law; [and]
>
> (3) documents filed in an action originally arising under the Family Code.

TEX.R. CIV. P. 76a(2)(a). Before restricting public access to filed court records, the court must comply with the procedural requirements of the rule, including motion, posted notice, public hearing, and public order. *See id.* 76a(3)-(4), (6); *Gen. Tire*, 970 S.W.2d at 523–24. "Court records" also include

> discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government, except discovery in cases originally initiated to preserve bona fide trade secrets or other intangible property rights.

TEX.R. CIV. P. 76a(2)(c). Before initiating the rule's special procedural requirements for sealing court records, the trial court must make the "threshold determination" that the documents constitute court records. *Gen. Tire* at 524–25. "[A] trial court is not *required* to determine whether unfiled discovery" or other unfiled documents that may constitute court records "constitute[ ] a court record until requested to do so by a party or intervenor...." *Id.* at 525 (emphasis in orig.). The court may, however, make that determination sua sponte. *Id.* Rule 76a is not intended to be interpreted so that "the parties could largely control the application of the rule without regard to the public interest the rule seeks to protect" in the absence of intervention by a third party. *Id.* at 524.

There is little precedent regarding sealing records in the appellate courts. Almost all of it relates to juvenile proceedings, privilege review of documents submitted in camera, or appeal of Rule 76a orders. *See* TEX. FAM.CODE ANN. § 58.003 (Vernon Supp.2006); TEX.R. CIV. P. 76a; *e.g., Feldman v. Marks*, 960 S.W.2d 613 (Tex.1996) (per curiam); *In re Monsanto Co.*, 998 S.W.2d 917 (Tex. App.-Waco 1999, orig. proceeding); *In re D.L.C.*, 124 S.W.3d 354 (Tex.App.-Fort Worth 2003, no pet.) (juvenile adjudication); *Clear Channel Commc'ns, Inc. v.*

*United Servs. Auto. Ass'n,* 195 S.W.3d 129 (Tex.App.-San Antonio 2006, no pet.). Given the policy decisions that were implicit in the implementation of Rule 76a, however, I see no reason to depart substantially from it in connection with sealing documents on appeal. *See Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 665 n. 7 (Tex.1992) (orig.proceeding) (Doggett, J., dissenting) (citing Lloyd Doggett & Michael J. Mucchetti, *Afterword* to *Public Access to Public Courts: Discouraging Secrecy in the Public Interest, in* Texas Litigation Reader 158, 204 (A.F. Brooke II & Gregory S. Coleman eds., 1992)).

The appellate court may seal the appellate record on an agreed motion, when the trial court has properly ordered court records sealed. *See Tindall v. Nationsbank of Tex., N.A.,* No. 05–97–01843–CV, 1998 WL 324731, 1998 Tex.App. LEXIS 3728 (Tex.App.-Dallas June 22, 1998, no pet.) (per curiam). I do not find any indication in the record before us that the trial court employed the special procedures of Rule 76a for sealing court records. The trial court signed an unopposed protective order limiting disclosure of documents, and made no express findings on whether those documents constituted court records. Therefore, I cannot rely upon compliance with Rule 76a in the trial court to seal the brief or the information that it contains on appeal as well.

Were we expressly governed by Rule 76a, Navasota Resources' brief filed with the Court would constitute a court record, which we could seal only in extremely rare circumstances. Thus, before I agree to seal such an otherwise public court record, absent some specific statute or rule authorizing the sealing, there should be a determination that the record should be sealed under Rule 76a.[3] No such determination has been made regarding the brief sought to be sealed in this appeal. On the record before us, I do not discern the confidential information to which Navasota Resources' brief refers. To the contrary, the brief tends to indicate that the appeal implicates matters of public concern. Navasota Resources' motion does not justify sealing. Therefore, I cannot agree to seal the brief from the public.

Therefore, I would either deny the motion, or abate this appeal to allow the trial court to determine whether Navasota Resources' brief, and the documents on which the brief relies, constitute court records under Rule of Civil Procedure 76a, and if they do, to hold the Rule 76a hearing and determine whether the documents should be sealed. *See* Tex.R. Civ. P. 76a(1), (8). After the trial court has conducted a hearing, as necessary, and made an initial determination on sealing, I would then abide by that determination unless and until it was properly challenged.[4]

---

**3.** We have held that "we do have authority to seal a privileged document inadvertently made a part of an appellate court record." *In re GMAC Commercial Fin., L.L.C.,* 167 S.W.3d 940, 941 (Tex.App.-Waco 2005, order), *disp. on merits,* No. 10–05–00186–CV, 2005 WL 980593, 2005 Tex.App. LEXIS 3195 (Tex.App.-Waco Apr. 27, 2005, orig. proceeding) (mem.op.); *accord Monsanto Co. v. Davis,* 110 S.W.3d 28, 29–30 (Tex.App.-Waco 2002, order) (per curiam), *disp. on merits,* No. 10–02–00208–CV, 2004 WL 859159, 2004 Tex.App. LEXIS 3570 (Tex.App.-Waco Apr.21, 2004, no pet.) (mem.op.). The statute and

rule on which we relied in those cases do not support sealing here. *Cf. Monsanto* at 29 (citing Tex. Gov't Code Ann. § 21.001(a) (Vernon 2004); Tex.R.App. P. 29.3). Government Code Section 21.001(a) concerns our powers to enforce our legal orders, but does not establish what orders are legal. Rule of Appellate Procedure 29.3 governs interlocutory appeals, which this case is not.

**4.** I note that the sealing of a brief in the appellate court is different from the clerks' and reporters' records that come to this Court already under seal.

Because the Court seals a brief that should otherwise be publicly available, I respectfully dissent.