IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00313-CV

 

James A. Spakes,

                                                                                    Appellant

 v.

 

Thelma J. Weber,

                                                                                    Appellee

 

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court No. C200700397

 



MEMORANDUM  Opinion



 








            James Spakes filed suit
against Thelma Weber for breach of contract in the County Court at Law No. 2 of
 Johnson County.  Spakes later filed a motion to transfer venue to a district
court because his claim allegedly “involves title to land.”  The statutory county
court granted the motion and transferred the case to the district court.  The
district court granted Weber’s summary-judgment motion, ruling that the
contract is unenforceable and awarding Weber attorney’s fees and costs.  Spakes
contends in three issues that: (1) the district court’s judgment is void
because the statutory county court did not have subject-matter jurisdiction
when it signed the transfer order; (2) the attorney’s fee award must be set
aside because no statute authorizes the award and because Weber offered no
evidence to support the award; and (3) Weber failed to conclusively establish
her entitlement to judgment because: (a) she offered incompetent evidence, (b)
genuine issues of material fact remain, and (c) the summary-judgment motion
does not address all pending claims.  We will affirm in part and reverse and
remand in part.

Background

            The parties’ dispute arises
from the following handwritten agreement they both signed in October 2004.

Thelma J. Weber agree’s to sell James A
Spakes Described Mobile Home on front of this Bill of Sale serial #102806 16´x 76´
Home for the amount of 1500.[00]  James a Spakes has paid 1000.[00]
Down and owes her 500.[00] more a copy of the cashier’s ck in the
amount of 1000.[00] Dollar’s was paid and recieved by Thelma J. Weber
10-26-04  Thelma J. Weber agree to sign described home over to James A Spakes
After the other 500.[00] Dollars in remainding Balance is paid the
land at 5713 crest rd was already purchased By James A Spakes and put in her
name for safe keeping during a health situation and she Thelma J. Weber agree’s
to sign it back over to him James a Spakes at a later date.[1]

 

            Spakes filed suit against
Weber in the statutory county court in April 2006 claiming that this is a
contract for the sale of land and seeking specific performance and damages for
Weber’s alleged breach of contract.

            Six months later, Spakes
filed his motion to transfer venue.  In the motion, he averred that venue was
proper in Johnson County but that the statutory county court lacked
subject-matter jurisdiction because his claim “involves title to land.”  He
asked the statutory county court to transfer the case to a district court.  Over
Weber’s objection, the statutory county court granted the motion.

            Weber filed a traditional
summary-judgment motion in district court alleging that she was entitled to
judgment as a matter of law because: (1) the parties’ agreement is properly
characterized as an express or implied trust agreement; (2) Spakes did not
perform within a reasonable period of time; (3) the agreement is unenforceable;
and (4) the agreement should not be enforced because Spakes fraudulently
transferred the property to Weber to defraud his creditors.  The trial court
granted Weber’s motion, ruling that “the contract to reconvey the property is
declared unenforceable.”  The court awarded Weber $19,764 in trial attorney’s
fees plus costs.

Transfer

            Spakes contends in his first
issue that the district court’s judgment is void because the statutory county
court did not have subject-matter jurisdiction when it signed the transfer
order.  Specifically, he argues that the statutory county court did not have
subject-matter jurisdiction because “the issue of title was the primary
dispute” in his suit.

            Unless otherwise provided,[2]
a statutory county court has the subject-matter jurisdiction prescribed by law
for constitutional county courts.  Tex.
Gov’t Code Ann. § 25.0003(a) (Vernon Supp. 2009).  A constitutional
county court does not have subject-matter jurisdiction to decide “a suit for
the recovery of land.”  Id. § 26.043(8) (Vernon 2004).  The statutory
county courts of Johnson County in particular have the subject-matter
jurisdiction prescribed for constitutional county courts and concurrent
jurisdiction with district courts “in family law cases and proceedings.”  Id.
§ 25.0003(a), § 25.1282(a) (Vernon 2004).  Thus, the statutory county courts of
 Johnson County do not have subject-matter jurisdiction in “a suit for the
recovery of land.”  Id. § 26.043(8); see Merit Mgmt. Partners I, L.P.
v. Noelke, 266 S.W.3d 637, 643 (Tex. App.—Austin 2008, no pet.).

            “A suit ‘for the recovery of
land’ is a suit that determines title,” but this type of suit includes “more
than simply disputes over the identity of the fee simple owner.”  Merit
Mgmt. Partners I, 266 S.W.3d at 643; see Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 445 (1940) (“an action to recover land has a well-known and
definite meaning, and means an action in ejectment,[3]
trespass to try title, or suit to recover the land itself”).  Conversely, “a
suit for specific performance of a contract to sell land is not one for the
recovery of land.”  Bachman v. Neal, 180 S.W.2d 643, 644 (Tex. Civ. App.—Fort Worth 1944, writ dism’d); see Chambers v. Pruitt, 241 S.W.3d 679,
684 (Tex. App.—Dallas 2007, no pet.) (suit for breach of oral contract for sale
of land did not involve determination of title); Brown v. Kula-Amos, Inc.,
No. 02-04-00032-CV, 2005 Tex. App. LEXIS 2227, at *7-11 (Tex. App.—Fort Worth Mar.
24, 2005, no pet.) (mem. op.) (forcible detainer suit based on contract for deed
did not involve question of title).

            As pleaded in Spakes’s
original petition, the suit alleged a breach of “a contract for the sale or
transfer of land.”  This was not a suit for the recovery of land and was within
the subject-matter jurisdiction of the county court.[4] 
 Id.

            Nevertheless, Spakes
contends that his suit came to involve a determination of title because he
sought a temporary restraining order prohibiting Weber from conveying the
property during the pendency of the suit so the court could “render a decision
as to his rights regarding ownership of the property.”  Although there is no
record of a hearing (ex parte or otherwise) on Spakes’s application for
a TRO,[5]
Spakes alleged in his motion to transfer venue that the county court denied the
application based on the judge’s opinion that the county court lacked
jurisdiction because the case involved a title dispute.

            A county court is authorized
by statute to issue “all writs necessary for the enforcement of the
jurisdiction of the court” including “writs of injunction.”  Tex. Gov’t Code Ann. § 25.0004(a)
(Vernon 2004).  A temporary restraining order is one of three forms of
injunctions which may be issued by a court.  See Riggins v. Thompson, 96
 Tex. 154, 71 S.W. 14, 15-16 (1902); City of Fort Worth v. Tarlton, 151
S.W.2d 268, 269 (Tex. Civ. App.—Fort Worth 1941, no writ); see also Brines
v. McIlhaney, 596 S.W.2d 519, 523 (Tex. 1980) (“A temporary restraining
order is one entered as part of a motion for a temporary injunction”); 15 Mike Baggett, Texas Practice: Texas
Foreclosure: Law and Practice § 11.09 (2001) (identifying temporary
restraining orders and temporary injunctions as the two available forms of
“interlocutory injunctive relief”).

            A court’s authority to issue
injunctive relief is limited to cases in which the court has subject-matter
jurisdiction.  See Medina v. Benkiser, 262 S.W.3d 25, 27 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  We have already determined that the county
court had subject-matter jurisdiction over Spakes’s suit for breach of
contract.  Spakes’s application for a TRO does not allege any new causes of
action.  Rather, he sought to prevent Weber from selling the property which is
the subject of the alleged contract until his suit was adjudicated.[6] 
Thus, his application for a TRO did not operate to deny the county court of
subject-matter jurisdiction.

            The county court had
subject-matter jurisdiction when it signed the transfer order.  See Francis
v. Tex. Dep’t of Criminal Justice-Institutional Div. Publ’n Reviewer, No.
10-08-00154-CV, 2008 Tex. App. LEXIS 9382, at *6-7 n.7 (Tex. App.—Waco Dec. 17,
2008, no pet.) (recognizing that county court permissibly transferred lawsuit
to district court even though county court had subject-matter jurisdiction); Tex. Gov’t Code Ann. § 74.121(b)
(Vernon 2005) (authorizing transfer of suit from county court to district
court).  Accordingly, we overrule Spakes’s first issue.

Enforceability of Contract

            Spakes contends as part of
his third issue that Weber failed to conclusively establish her entitlement to
judgment because: (1) Weber’s summary-judgment evidence is incompetent; and (2)
genuine issues of material fact remain on several of the claims in the
summary-judgment motion.

            Although Weber asserted
several grounds in her summary-judgment motion, the trial court specifically
ruled that the contract is unenforceable.  Thus, our review of the summary
judgment is limited to that issue.  Cf. In re Estate of Alexander, 250
S.W.3d 461, 464 (Tex. App.—Waco 2008, pet. denied) (“When the trial court does
not specify the basis for its summary judgment, the appealing party must show
it is error to base it on any ground asserted in the motion.”) (quoting Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995)).  Weber alleged in the
summary-judgment motion that the contract is unenforceable because it lacks
consideration, mutuality of obligation, or a manner of acceptance by Spakes.

             The enforceability of a
contract is a question of law which we review de novo and without deference to
the trial court.  El Expreso, Inc. v. Zendejas, 193 S.W.3d 590, 594 (Tex. App.—Houston [1st Dist.] 2006, no pet.); see Mickens v. Longhorn DFW Moving, Inc.,
264 S.W.3d 875, 880 (Tex. App.—Dallas 2008, pet. denied) (enforceability of
contract is question of law).

Consideration is a bargained for
exchange of promises.  Consideration consists of benefits and detriments to the
contracting parties.  The detriments must induce the parties to make the
promises and the promises must induce the parties to incur the detriments.

 

Ulico Cas. Co. v. Allied Pilots Ass’n, 262 S.W.3d 773, 790 (Tex. 2008)
(quoting Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 408-09 (Tex. 1997)).

            The agreement in question
provides, “the land at 5713 crest rd was already purchased by James A Spakes and
put in [Weber’s] name for safe keeping during a health situation and she Thelma
J. Weber agree’s to sign it back over to him James a Spakes at a later date.” 
Thus, Weber promised to keepsafe the land which Spakes had “already
purchased  .  .  .  and put in her name” (emphasis added) and also promised to
reconvey the land at some later unspecified date.[7] 
There is no corresponding, contemporaneous promise or detriment on
Spakes’s part.  See Trilogy Software, Inc. v. Callidus Software, Inc., 143
S.W.3d 452, 463 (Tex. App.—Austin 2004, pet. denied) (“past consideration is
not good consideration”) (quoting Jordan Leibman & Richard Nathan, The
Enforceability of Post-Employment Noncompetition Agreements Formed after
At-Will Employment Has Commenced: The “Afterthought” Agreement, 60 S. Cal. L. Rev. 1465, 1528 (1987)); accord
Powerhouse Prods., Inc. v. Scott, 260 S.W.3d 693, 697 (Tex. App.—Dallas 2008,
no pet.).  Nevertheless, the contract may still be enforceable despite its lack
of mutual consideration.

            “A bilateral contract is one
in which there are mutual promises between two parties to the contract, each
being both a promisor and a promisee.”  Frequent Flyer Depot, Inc. v. Am.
Airlines, Inc., 281 S.W.3d 215, 224 (Tex. App.—Fort Worth 2009, pet.
denied).  These mutual promises form the consideration for a bilateral contract
and constitute the mutuality of obligation which characterizes such an
agreement.  See id.  When there is only one promisor, this mutuality is
absent, and the agreement constitutes a unilateral contract.  Id.

            A unilateral contract is
unenforceable when the sole promisor has made an illusory promise, namely, “one
that fails to bind the promissor because he retains the option to discontinue
performance without notice.”  Johnston v. Kruse, 261 S.W.3d 895,
898 (Tex. App.—Dallas 2008, no pet); accord Frequent Flyer Depot, 281
S.W.3d at 224.  But a unilateral contract is enforceable if the promise is
treated as an offer and the promisee accepts that offer by performing the act
requested by the promisor.  Johnston, 261 S.W.3d at 899; accord
Frequent Flyer Depot, 281 S.W.3d at 224-25.

            Here, the agreement is
silent regarding any act required of Spakes.  There is no summary-judgment
evidence that: (1) Weber requested Spakes to perform any act; or (2) Spakes performed
any act which he believed would constitute acceptance of an offer.  Cf.
Johnston, 261 S.W.3d at 889-900 (“appellant was not required to, and did
not perform any bargained-for acts”).

            For these reasons, the
summary-judgment evidence conclusively establishes that the parties’ agreement
constitutes an unenforceable, unilateral contract.  Thus, we overrule that
portion of Spakes’s third issue in which he contends that Weber failed to
conclusively establish that the contract is unenforceable.

 

Trespass to Try Title

            Spakes also contends as part
of his third issue that the summary judgment is erroneous because Weber’s
summary-judgment motion did not address all pending claims, particularly, the
trespass-to-try-title claim he pleaded in an amended petition filed on the day
of the summary-judgment hearing.

            Rule of Civil Procedure 63
requires any amended pleadings to be filed at least seven days before trial
absent leave of court.  Tex. R. Civ. P. 63. 
“A summary-judgment proceeding is a trial within the meaning of Rule 63.”  Goswami
v. Metro. Sav. & Loan Ass’n, 751 S.W.2d 487, 490 (Tex. 1988); accord
Houtex Ready Mix Concrete & Materials v. Eagle Constr. & Envtl. Servs.,
L.P., 226 S.W.3d 514, 520 (Tex. App.—Houston [1st Dist.] 2006, no pet.). 
Under Goswami, we must presume the trial court granted leave, even if
not requested, if (1) the summary judgment states that all pleadings were
considered, (2) the record fails to show that the trial court did not consider
the amended pleading and (3) there is not a sufficient showing of surprise or
prejudice by the opposing party.  See Continental Airlines, Inc. v. Kiefer,
920 S.W.2d 274, 276 (Tex. 1996); Goswami, 751 S.W.2d at 490-91; Houtex
Ready Mix, 226 S.W.3d at 520.

            Here, the summary judgment
was not signed until twenty-nine days after Spakes’s amended petition was
filed.  It states that the court granted the summary judgment “after
considering the pleadings, summary judgment evidence, and the arguments of
counsel.”  See Continental Airlines, 920 S.W.2d at 276; 9029 Gateway S. Joint Venture v. Eller
Media Co., 159 S.W.3d 183, 187 (Tex. App.—El Paso 2004, no pet.); Retzlaff
v. Tex. Dep’t of Criminal Justice, 135 S.W.3d 731, 746 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  The record provides no basis for us to conclude that
the trial court did not consider the amended petition.  See Continental
Airlines, 920 S.W.2d at 276; Houtex
Ready Mix, 226 S.W.3d at 520; 9029 Gateway, 159 S.W.3d at 187.  And
Weber does not even contend that she was surprised or prejudiced by the late
amendment.  See Goswami, 751 S.W.2d at 490; Houtex Ready Mix, 226
S.W.3d at 520; Jones v. Ill. Employers Ins. of Wausau,  136 S.W.3d 728,
743 (Tex. App.—Texarkana 2004, no pet.).  Thus, we presume the trial court
granted Spakes leave to file his amended petition.

            The summary judgment recites
in pertinent part, “any relief requested by any party and not granted in this
order is hereby DENIED.  This order is a final and appealable order.”  Thus,
the summary judgment is a final, appealable judgment which denied Spakes’s
contract claim and his trespass-to-try-title claim.  See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 205 (Tex. 2001); Ziemian v. TX Arlington Oaks
Apartments, Ltd., 233 S.W.3d 548, 553 (Tex. App.—Dallas 2007, no pet.); Kendziorski
v. Saunders, 191 S.W.3d 395, 402-03 (Tex. App.—Austin 2006, no pet.).

            However, a trial court may
not grant summary judgment on a claim not addressed in the summary-judgment
motion.  Chessher v. Sw. Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983) (per curiam); Roehrs v. FSI Holdings, Inc., 246 S.W.3d 796, 810 (Tex.
App.—Dallas 2008, pet. denied); Espeche v. Ritzell, 123 S.W.3d 657, 663
(Tex. App.—Houston [14th Dist.] 2003, pet. denied); see Lehmann, 191
S.W.3d at 200 (“if a defendant moves for summary judgment on only one of four
claims asserted by the plaintiff, but the trial court renders judgment that the
plaintiff take nothing on all claims asserted, the judgment is final—erroneous,
but final”).  Thus, the court erred by granting summary judgment on Spakes’s
trespass-to-try-title claim because that claim was not addressed in Weber’s
summary-judgment motion.[8] 
See Lehmann, 191 S.W.3d at 200; Chessher, 658 S.W.2d at 564; Roehrs,
246 S.W.3d at 812; Espeche, 123 S.W.3d at 665.

Attorney’s Fees

            Spakes contends in his
second issue that the attorney’s fee award must be set aside because no statute
authorizes the award and because Weber offered no evidence to support the
award.

            Weber sought attorney’s fees
under the Texas Trust Code in her summary-judgment motion.  See Tex. Prop. Code Ann. § 114.064 (Vernon
2007).  The trial court rejected Weber’s argument that the parties’ agreement
was a trust agreement.  Apparently recognizing that attorney’s fees are not
available under this statute, Weber now claims that the award is proper under
the Declaratory Judgments Act.  However, Spakes did not assert a claim for
declaratory relief in his pleadings.

            “[W]hen a party pleads a specific ground
for recovery of attorney’s fees, the party is limited to that ground and cannot
recover attorney’s fees on another, unpleaded ground.”  Smith v. Deneve,
285 S.W.3d 904, 916 (Tex. App.—Dallas 2009, no pet.) (quoting Kreighbaum v.
Lester, No. 05-06-01333-CV, 2007 Tex. App. Lexis 4982, at *6 (Tex. App.—Dallas June 27, 2007, no pet.)
(mem. op.)).  Thus, there is no pleaded basis on which Weber can rely to
support the attorney’s fee award.  Accordingly, we sustain Spakes’s second
issue.

Conclusion

We affirm that portion of the judgment
determining that the parties’ agreement is unenforceable.  We reverse the
judgment with regard to the award of attorney’s fees and insofar it purports to
deny Spakes’s trespass-to-try-title claim.  We remand this cause to the trial
court for further proceedings consistent with this opinion.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray dissenting with note)*

Affirmed in
part,

            Reversed
and remanded in part

Opinion
delivered and filed January 13, 2010

[CV06]

 

*           (Chief
Justice Gray dissents.  A separate opinion will not issue.  He
provides the following note:  The case books are filled with cases that
hold when the parties to an agreement execute multiple documents at the same
time, the documents are construed together as the agreement of the parties. 
See, e.g., Jones v. Kelley, 614 S.W.2d 95, 98 (Tex. 1981); Miles
v. Martin, 321 S.W.2d 62 (Tex. 1959); West KeyCite 95k164 k (Construing
Instruments Together).  This case, however, is the first and only case that I
have found or heard about in which a Court has held that a single writing,
which is on the front and back of a single sheet of paper in which one side
even references the other, is divided into two distinct and separate
agreements.  But that is what this Court has done.  The parties did
not ask for it.  The parties did not brief or suggest that there were two
separate agreements.  The reader is just reading along and boom, there it
is.  So when the Court raises the issue in footnote one and, without
reference to any legal authority to do so, divides the single writing into two
agreements to be analyzed separately for enforceability of each, I have to
wonder why and how.  And that simple footnote controls the disposition of
the appeal because it is undisputed that in what the Court contends is a different
agreement, the other agreement, on the same piece of paper, Spakes makes a
promise to pay $500 to Weber.  But according to the Court, and solely
because they hold there are two different agreements, the Court holds that the
promise of payment in one agreement is no consideration to support Weber’s
promise to convey the property back to Spakes in the other agreement.  I
disagree with the Court’s analysis.  I view this single document as one
agreement.  As such, there is mutuality of obligation (consideration) to
support the agreement.  Thus, Spakes’s contention on appeal, that Weber’s
summary judgment evidence failed to establish that this element of a contract
was missing and therefore Spakes’s claim for breach of contract failed, should
be sustained.  But this is another case in a long and growing line of
cases wherein the Court identifies an issue, or raises some matter, that the
parties have not raised and then proceeds to analyze the issue without notice
to the parties or giving the parties the opportunity to brief the issue.  See,
e.g., In re Trend Gathering & Treating, LP, 226 S.W.3d 478 (Tex.
App.—Waco 2006, order) (Gray, C.J., concurring & dissenting); Navasota Res., L.P. v. First Source Tex., Inc., 206 S.W.3d 791 (Tex.
App.—Waco 2006, order) (Gray, C.J., dissenting); In re Marriage of Eilers,
205 S.W.3d 637, 647 (Tex. App.—Waco 2006, pet. denied) (Gray, C.J., concurring
& dissenting); In the Interest of Z.A.T., 193 S.W.3d 197, 215 n.2
(Tex. App.—Waco 2006, pet. denied) (Gray, C.J., concurring).  I have repeatedly
expressed my disagreement but have been unsuccessful in preventing them from
continuing to re-lawyer the cases for the parties in this manner.  Id.  Accordingly, I respectfully dissent from both the procedure as used in this
proceeding and the results thereof.)









[1]
              Actually, the quoted
document includes two separate agreements: one for the purchase of the mobile
home for $1,500 and one for the safekeeping of the land located at 5713 Crest Road.  This case involves the latter agreement.





[2]
              Compare Tex. Gov’t Code Ann. § 25.2162(a)
(Vernon 2004) (providing County Court at Law of Starr County with
subject-matter jurisdiction over family law matters and “controversies involving
title to real property” concurrently with district court) with id.
§ 25.1282(a) (Vernon 2004) (providing statutory county courts of Johnson County with concurrent family law jurisdiction); cf. id. § 26.043(4) (Vernon
2004) (constitutional county court does not have subject-matter jurisdiction in
“a suit for divorce”).





[3]
          Notwithstanding
the Supreme Court’s reference to an “action in ejectment,” we note that the
Court has more recently recognized that (since 1840) the trespass-to-try-title
statute (section 22.001 of the Property Code) “eliminated ejectment actions in Texas.”  Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004); see Tex. Prop. Code Ann. § 22.001(b)
(Vernon 2000) (“The action of ejectment is not available in this state.”); see
also Act approved Feb. 5, 1840, 4th Cong., R.S., § 1, 1840 Repub. Tex. Laws
136, 136, reprinted in 2 H.P.N. Gammel,
The Laws of Texas 1822-1897, at 310, 310 (Austin, Gammel Book Co. 1898)
(“all fictitious proceedings in the action of ejectment shall be abolished” and
“the methods of trying titles to land or tenements in this Republic shall be by
action of trespass”) (later codified as article 7364, Revised Civil Statutes of
1925).





[4]
              The term “county
court” as used hereinafter refers to a statutory county court unless otherwise
indicated.

 





[5]
              The county court’s
docket sheet indicates that the TRO application was filed on September 14.  The
next entry on the docket sheet indicates that the motion to transfer venue was
filed on October 5.  The next entry is for an October 19 order setting a
hearing on this motion.





[6]
              Although Spakes
characterized his lawsuit in the application for a TRO as a suit “regarding
ownership” of the property, he unequivocally states in the application that his
lawsuit “is an action for breach of a written contract.”





[7]
              The agreement is
dated October 26, 2004.  According to Weber’s summary-judgment affidavit,
Spakes put the property in her name on October 27, 2003.





[8]
              Nevertheless, we are
required to review the merits of this appeal as to Spakes’s breach-of-contract
claim which was addressed in Weber’s summary-judgment motion.  See Bandera
Elec. Coop., Inc. v. Gilchrist, 946 S.W.2d 336, 336 (Tex. 1997) (per
curiam); Roehrs v. FSI Holdings, Inc., 246 S.W.3d 796, 810 (Tex.
App.—Dallas 2008, pet. denied); see also Espeche v. Ritzell, 123 S.W.3d 657,
667-68 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (addressing merits of
claims addressed in summary-judgment motion and reversing on claim not
addressed).