COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Scott M. Clearman and The Clearman Law Firm, PLLC v.
                          ClearmanPrebeg, LLP

Appellate case number:    01-15-00968-CV

Trial court case number:  2014-69512

Trial court:              152nd District Court of Harris County

Appellants Scott M. Clearman and The Clearman Law Firm, PLLC, have filed an unopposed motion to seal the reporter's record in this case. The motion is **denied**. Requests to seal records are governed by Texas Rule of Civil Procedure 76a. *See* TEX. R. CIV. P. 76a. Rule 76a provides no authority for an appellate court to make the findings necessary to decide motions to seal the record. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("On its face, Texas Rule of Civil Procedure 76a, entitled 'Sealing Court Records,' does not give appellate courts the authority to find the necessary facts and to determine motions to seal on appeal, and the parties have not cited any statute, rule, or case stating that appellate courts have this authority.").

Accordingly, Appellants' motion to seal must be directed to the trial court. If the trial court orders documents included in the reporter's record to be sealed in accordance with Rule 76a, then our court may grant an agreed motion to seal the documents specified by the trial court. *See R.V.K. v. L.L.K.*, 103 S.W.3d 612, 614 (Tex. App.—San Antonio 2003, no pet.) (noting appellate court ordered clerk to seal parties' briefs that were replete with references to and copies of portions of record ordered sealed by trial court); *see also Navasota Resources, L.P. v. First Source Tex., Inc.*, 206 S.W.3d 791, 794 (Tex. App.—Waco 2006, no pet.) (Gray, C.J. dissenting) (citing *Tindall v. Nationsbank of Tex., N.A.*, No. 05-97-01843-CV, 1998 WL 324731, at *1 (Tex. App.—Dallas June 22, 1998, no pet.) (not designated for publication)) (stating appellate court may seal record on agreed motion when trial court has ordered records sealed but dissenting from order sealing brief when record did not indicate that trial court sealed records under rule 76a). Although the motion in this case attaches an "Agreed Confidentiality and Protective Order," there is no order from the trial court specifying any specific transcripts and/or exhibits in the reporter's record to be sealed.

It is so ORDERED.

Judge's signature: /s/ Michael Massengale

☑ Acting individually  ☐ Acting for the Court

Date: December 15, 2015