COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ABATEMENT ORDER

Appellate case name:     Darla Lexington v. T. Gerald Treece, Individually and as Independent Executor of the Estate of John M. O'Quinn, Deceased, John M. O'Quinn & Associates, PLLC, Gibbs & Bruns, LLP, Needmore River Ranch, LLC, Greg LaMantia and Joseph V. LaMantia, III, SCI Texas Funeral Services, Inc. d/b/a Geo. H. Lewis & Sons Funeral Directors, John M. O'Quinn Foundation, and Robert C. Wilson, III

Appellate case number:     01-17-00228-CV

Trial court case number:     392247-419

Trial court:     Probate Court No. 2 of Harris County

On December 27, 2017, April 26, 2018, and July 27, 2018, this Court granted motions to file the briefs in this case under seal. The clerk's record and the reporter's record had been filed in this Court, purportedly "under seal." However, upon further inspection of the record, there is no sealing order from the trial court that complies with Rule76(a) of the Texas Rules of Civil Procedure. Instead, the record contains an "Agreed Protective Order," signed by the trial court on February 22, 2017. This "Agreed Protective Order" does not show compliance with, or an exception to, Rule 76(a). No "court records" or "documents filed in connection with any matter before any civil court," may be sealed absent compliance with Rule 76(a) except: (1) documents filed with a court in camera, *solely for the purpose of obtaining a ruling on the discoverability of such documents*, (2) documents in court files to which access is otherwise restricted by law, or (3) documents filed in an action originally arising under the Family Code. TEX. R. CIV. P. 76a (emphasis added). There is no showing in the record that any of these exceptions are applicable here.

Requests to seal records are governed by Texas Rule of Civil Procedure 76a. *See* TEX. R. CIV. P. 76a. Rule 76a provides no authority for an appellate court to make the findings necessary to decide motions to seal the record. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("On its face, Texas Rule of Civil Procedure 76a, entitled 'Sealing Court Records,' does not give appellate courts the authority to find the necessary facts and to determine motions to seal on appeal, and the parties have not cited any statute, rule, or case stating that appellate courts have this authority.").

Accordingly, we abate the case and direct the trial court to hold a hearing that complies with the requirements of Rule 76(a). The Rule 76a hearing shall be conducted within **60 days** of this Order. The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with this Court no later than **75 days** from the date of this Abatement Order. The trial court clerk shall file a supplemental clerk's record containing the trial court's Rule 76a order and any findings within **75 days** of the date of this Order. While this case is abated, the record, any supplemental records, and the briefs will remain temporarily sealed, pending an order from the trial court and a motion to reinstate in this Court.

After the Rule 76a hearing, if the trial court orders documents to be sealed in accordance with Rule 76a, then this Court may grant a motion to seal only those documents specified by the trial court. *See R.V.K. v. L.L.K.*, 103 S.W.3d 612, 614 (Tex. App.—San Antonio 2003, no pet.) (noting appellate court ordered clerk to seal parties' briefs that were replete with references to and copies of portions of record ordered sealed by trial court); *see also Navasota Resources, L.P. v. First Source Tex., Inc.*, 206 S.W.3d 791, 794 (Tex. App.—Waco 2006, no pet.) (Gray, C.J. dissenting) (citing *Tindall v. Nationsbank of Tex., N.A.*, No. 05-97-01843-CV, 1998 WL 324731, at *1 ("The trial court signed an unopposed protective order limiting discovery of documents[] and made no express findings on whether those documents constituted court records. Therefore, I cannot rely upon compliance with Rule 76a in the trial court to seal the brief or the information that it contains on appeal as well.").

It is so ORDERED.


Judge's signature: _____/s/ Sherry Radack_____
       <u>X</u> Acting individually   ☐ Acting for the Court


Date: __May 16, 2019___