**Concurr and Opinion Filed April 28, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-20-00205-CV

**IN RE BYRON CURTIS COOK,**
**TRADE RARE, L.L.C., AND JOEL HOCHBERG, Relators**

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-04885-2016**

## CONCURRING OPINION

Before the En Banc Court[1]
Concurring Opinion by Justice Smith

I concur in the majority's determination that W. Kenneth Paxton can be properly designated as a responsible third party, and I agree there are problems surrounding the sealing of the record containing Paxton's deposition testimony. However, because the proper procedure for sealing orders under rule 76a merits further discussion, I write separately to highlight concerns for litigants, judges, and the public.

---

[1] Myers, J., not participating.

This mandamus proceeding was filed in February 2020. In this case and related proceedings[2] involving the same parties, the parties and the courts have operated under a May 16, 2019 amended protective order addressing the use of non-party Paxton's deposition testimony. At the parties' request, and in accordance with rule of appellate procedure 9.2(c)(3), this Court has permitted all filings to be made under temporary seal pending the trial court's ruling on real parties in interest's motion to seal the deposition transcripts under rule 76a; the Texas Supreme Court has not disturbed this state of affairs. *See* TEX. R. APP. P. 9.2(c)(3); *In re Cook*, No. 05-19-01283-CV, 2020 WL 2552881, at *1 n.2 (Tex. App.—Dallas May 20, 2020, orig. proceeding) (mandamus conditionally granted); *In re Calco Land Dev., LLC*, No. 20-0583 (Tex., orders of Aug. 17, 2020, Oct. 20, 2020, Nov. 20, 2020, and Feb. 11, 2021). The trial court has not issued a rule 76a sealing order in this case. *See* TEX. R. CIV. P. 76a. Yet these court records remain sealed in the trial court, the court of appeals, and the supreme court. This should not happen, and it is the duty of all attorneys and judges to make sure that it does not happen.

## BACKGROUND SPECIFIC TO RULE 76a CONCERNS[3]

Since the beginning of these related mandamus proceedings in October 2019, the briefing and record in these original proceedings have been physically filed in

---

[2] A prior mandamus action, which we refer to as *Calco*, was filed in this Court in October 2019.

[3] I note without comment that there may be other statutes or regulations affording protections such as the Texas Uniform Trade Secrets Act, the Texas Family Code, section 134A.006 of the Texas Civil Practice and Remedies Code, or HIPAA.

paper form rather than electronically with a motion to file under seal on a temporary basis. In that motion, relators explained that the sealing request was due to a protective order that was in place in the trial court. At that time, we granted an order temporarily sealing the record and instructed the parties to proceed with the rule 76a motion.

In November 2018, relators filed their first amended motion to designate Paxton as a responsible third party in the case below and served him with a deposition subpoena. Paxton moved to quash and for a protective order. The trial court allowed Paxton's deposition to proceed subject to a May 16, 2019 amended protective order. The amended protective order allowed the deposition to be taken under an "Attorney's Eyes Only" restriction and allowed access to the deposition testimony only to counsel of record and their regular employees, Paxton, the court, and any other person designated as a qualified person by the trial court. The order required any document filed with the court that included any portion of the deposition to be designated as "sensitive data" and filed electronically. Any party that sought to file the documents had to provide fourteen days' written notice to Paxton's counsel so that Paxton could consent to use of the designated portions of the deposition or move to seal the deposition under rule 76a of the Texas Rules of Civil Procedure. The order provided that if Paxton did not move to seal such filings within 14 days of receiving notice, the filing party "may use or file the noticed portions of Paxton's deposition testimony of public record without further notice."

Real parties informed Paxton's counsel of their intent to use the entirety of Paxton's deposition, which was taken on August 19, 2019, in support of the motion to designate Paxton as a responsible third party that is at issue in this original proceeding. In response, real party and Paxton filed a motion to seal the deposition pursuant to rule 76a. The trial court conducted a hearing on the motion on September 27, 2019. At the conclusion of the hearing, the trial court stated "All right. For now the Court rules that the attorneys' eyes only is the least restrictive alternative. I believe we can revisit this issue on the Daubert and other expert docket." According to relators and real party, the trial court has not ruled on the motion to seal, and it remains pending in the trial court.

When this petition for writ of mandamus was filed, as well as the petition in *Calco*, now pending before the supreme court, relators filed it in paper form along with a motion to file the petition and record entirely in paper and under seal on a temporary basis. In the motion, relators explained that, although they did not agree with the trial court's order prohibiting the Paxton deposition from being made public, in order to comply with the protective order it was necessary to file the petition and record in paper form and under seal because of the pending motion to seal under rule 76a. *See* TEX. R. APP. P. 9.2(c)(3) (Documents filed under seal, subject to a pending motion to seal, or to which access is otherwise restricted by law or court order must not be electronically filed. For good cause, an appellate court may permit a party to file other documents in paper form in a particular case). On

February 21, 2020, we granted the motion to the extent that we sealed "relator's February 18, 2020 petition for writ of mandamus, accompanying mandamus record, and any responses . . . pending the resolution of" Paxton's rule 76a motion. We directed the parties to notify us within ten days of any ruling by the trial court on the motion. By order dated April 30, 2020, we granted relators' motion for temporary relief and ordered all trial court proceedings stayed pending resolution of this writ of mandamus. That stay order remains in place.

At the conclusion of the en banc oral argument, we requested letter briefing regarding the sealing order. Real party responded only that the parties have striven to comply with the trial court's protective order. They did not comment on the pending motion to seal or its status. Relators explained that, other than the trial court's oral ruling following the rule 76a hearing, the trial court has not further ruled on the pending motion to seal and that, by doing so, the trial court has effectively sealed all filings containing Paxton's deposition under the guise of a "least restrictive alternative [that amounts to] sealing under a different label [and] has transformed this Court's temporary sealing order, issued a year ago, into an order that effectively seals the briefing and record in this matter indefinitely." Neither party addressed the stay order or the supreme court's sealing order in the *Calco* writ.

## DISCUSSION

### A. Applicable Law

Both state and federal courts recognize a general right of the public to access court proceedings and court records. The right is grounded in the common law, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S.589, 597 (1978) (recognizing a general common-law right to copy and inspect public records and documents, including judicial records and documents), the First Amendment, *see e.g.*, *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91–92 (2d Cir. 2004), and the "open courts" or "free speech" provisions of the Texas Constitution, *see Garcia v. Peeples*, 734 S.W.2d 343, 349 (Tex. 1987) (orig. proceeding). As we recognize, the right is not absolute regardless of the source. Rather, it establishes a presumption of public access to court records that can be overcome in a particular case. *Nixon*, 435 U.S. at 597; *In re M-I L.L.C.*, 505 S.W.3d 569, 577–78 (Tex. 2016) (orig. proceeding).

In Texas, the presumption of public access is found in rule 76a, which governs efforts to seal or unseal court records in most cases. Rule 76a establishes the presumption that most court records should remain open to public view with limited exceptions. The rule allows courts to grant sealing orders only after confirming that any private interest at stake outweighs the extensive public interest in access to information. *See* C. Smith, G. Schmidt, A. Smith, *Finding a Balance Between Securing Confidentiality and Preserving Court Transparency: A Re-Visit of Rule 76a and Its Application to Unfiled Discovery*, 69 SMU L. REV. 309, 312 (2016).

In particular, rule 76a provides that "court records," as defined by the rule, are "presumed to be open to the general public" and may only be sealed by showing:

(a) a specific, serious and substantial interest which clearly outweighs:

(1) this presumption of openness;

(2) any probable adverse effect that sealing will have upon the general public health or safety;

(b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

TEX. R. CIV. P. 76a.

Rule 76a contains a broad definition of "court records." The "court records" subject to the rule include documents filed in court in civil cases, with some exceptions, and unfiled discovery or settlement agreements seeking to restrict disclosure of information concerning matters that "have a probable adverse effect" upon public health, the administration of public office, or the operation of government. *See id.*

Rule 76a establishes notice and hearing procedures for obtaining a sealing order and allows for temporary sealing orders based on the showing of "compelling need from specific facts shown by affidavit or verified petition" that the applicant will suffer immediate and irreparable injury. *See id.* Rule 76a further specifies the contents of an order sealing records and deems orders relating to the sealing or unsealing of court records to be final, appealable judgments. But the "appellate court may abate the appeal and order the trial court to direct that further public notice be given, or to hold further hearings, or to make additional findings." *Id.*

There is little precedent regarding sealing records in the appellate courts. *See Navasota Res. v. First Source Tex., Inc.*, 206 S.W.3d 791, 793 (Tex. App—Waco 2006, no pet.) (dissenting opinion to sealing order). Courts of appeals are authorized to seal court records to protect their jurisdiction. *See Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 657–58 (Tex. 1992) (orig. proceeding) (court had authority to seal record to protect its jurisdiction in appeal from order denying rule 76a sealing request).

When the trial court has already entered a rule 76a sealing order covering the relevant portion of the record, if the order is unchallenged, courts may grant motions to extend that protection to the relevant portions of the record filed on appeal. *See e.g.*, *Tindall v. Nationsbank of Tex., N.A.*, 05-97-01843-CV, 1998 WL 324731, at *1 (Tex. App—Dallas June 22, 1998, no pet.) (per curiam) (not designated for publication).

When there is no sealing order in place, courts have determined rule 76a governs the sealing of records or documents filed in the court of appeals, so the appellate record should not be sealed until the trial court has entered a sealing order after following the procedures of rule 76a. *See, e.g.*, *Navasota*, 206 S.W.3d at 793–94. The parties may not enter a Rule 11 agreement to skirt the requirements of rule 76a. Similarly, it is doubtful that an agreed sealing order submitted to a trial court for signature without following the strict requirements of rule 76a will protect the records sought to be sealed from public disclosure if challenged. This Court has

previously granted access to documents filed under seal where the record did not show compliance with rule 76a. If the trial court has not entered a sealing order, appellate courts abate the appeal or temporarily seal the filed documents to allow the trial court to conduct a hearing to determine whether the requirements of rule 76a have been satisfied and to make findings on whether the contents of the record should be sealed. *See e.g.*, *Griffin v. Birkman*, No. 03-06-00412-CV, 2006 WL 6041819, at *1 (Tex. App—Austin Nov. 16, 2006, no pet.) (mem. op.).

Additionally, leaving records unsealed in the trial court for several months may result in waiver of the right to have the appellate record sealed. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App—Houston [14th Dist.] 2009, pet. denied) (concluding that, even assuming court of appeals had authority to seal record under rule 76a, appellee had waived right to seal appellate record by waiting seven months after record was filed before moving to seal, and record remained unsealed in the trial court).

## B. Analysis

Here, the trial court issued a protective order requiring any portion of Paxton's deposition to be for "Attorneys' Eyes Only" and providing for written notice if any portion of the deposition was to be filed with the trial court so that Paxton could either consent to use of the deposition or file a motion to seal. Relators noticed real party, and Paxton filed a motion to seal pursuant to rule 76a. Thereafter, both relators, Paxton, and real parties filed the deposition or portions of the deposition as

exhibits to various motions and responses subject to the protective order. Thus, the Paxton deposition is unquestionably a "court record" and presumed to be open to the public. *See* TEX. R. CIV. P. 76a(1),(2)(a).

When filed in this Court, the Paxton deposition was subject to the trial court's amended protective order and there was a pending motion to seal the deposition under rule 76a. Thus, we issued a temporary sealing order pending resolution of the 76a motion. *See* TEX. R. APP. P. 9.2(c)(3). More than a year later, that 76a motion remains pending. It is well recognized that the interests of litigants in certain lawsuits can sometimes be in conflict with maintaining open courts and ensuring public access to the court records we are charged with protecting. [4]

---

[4] The situation in this case is akin to an example set forth by Professor Benham in his article on "tangled incentives":

For example, imagine that Paul sues BigCorp for an injury Paul sustained from an allegedly defective product produced by BigCorp. At the end of the day, BigCorp has incentives not to invoke sunshine laws and to keep litigation information secret, such as deterring future claims, restricting access to proof in future claims that do arise, and avoiding embarrassment. Paul is incentivized to obtain the maximum settlement and knows (or at least his attorney knows) that he may be able to trade a promise of secrecy for more money.

The attorneys are likewise incentivized to keep the information quiet. BigCorp's attorneys have both ethical and practical reasons--such as upholding an attorney's duty of diligence and retaining BigCorp's business--for abiding by their client's wishes to keep the information from the public.

Paul's attorneys have conflicting incentives. On the one hand, their other similar clients (present and future) might benefit from easy access to the evidence arising from this case. On the other hand, Paul's attorneys, who are presumably working under a contingency fee arrangement, also have incentives to expedite the case without engaging in work--fighting confidentiality--that could actually reduce the fee in the case. Paul's attorneys have reason to engage with BigCorp's desire for confidentiality to maximize settlement in the case and the resulting fee. In short, everyone with a good grasp on the information has reason to keep it quiet.

That leaves the judge. To understand why sunshine limitations on court discretion are ineffective, one only has to think of how discovery issues come before most trial judges in this country. Many judges, particularly in state courts, have hundreds of cases on their docket. Discovery is self-help by design, meaning that parties conduct it on their own, absent at least one of them seeking judicial intervention. When parties are concerned about the confidentiality of information, they typically conference with one another

–10–

In a situation like this, the appellate court finds itself faced with multiple unsatisfactory alternatives. First, the court might request a status report on the pending motion to seal and then inform the parties that the Court is inclined to unseal the record on its own motion.

Second, the court might reason that a party such as Paxton had waived his right to seal the record by not pursuing a ruling on the 76a motion. However, on this record, the supreme court's stay order in *Calco* likely prevents such a conclusion in this case.

Finally, the court might issue an order lifting the stay, give the parties a limited amount of time to obtain a ruling on the pending motion to seal, and inform the parties that the Court will vacate its temporary sealing order subject to any order issued by the trial court. If the trial court ruled on the motion to seal, that order would be subject to appeal.[5] Should the trial court fail to rule, a party, or potential

---

in the context of some set of discovery requests. The party with the information alleges that it is confidential and that party refuses to produce it without some form of protective order.

Here is where the court often gets involved. The parties, driven by the incentives described above, simply agree to a protective order and present it to the court for signature, notwithstanding the possible applicability of any sunshine statute. But wait, sunshine statutes often mandate that the judge cannot sign that order if it would conceal information pertinent to public health and safety! The reality is that if no one raises the sunshine statute in opposition to the protective order request, the court is free, as a practical matter, to ignore it. Indeed, even if the court does so in error, parties who have agreed to such an order are unlikely to seek appellate review of the order (and because of waiver, would likely be unsuccessful even if they did), and thus the court's decision goes undisturbed. In other words, the law is not self-executing. Appellate courts do not automatically review interlocutory discovery orders, nor could they based on the volume of such orders.

Dustin B. Benham, *Tangled Incentives: Proportionality and the Market for Reputation Harm*, 90 TEMP. L. REV. 427, 455–56 (2018) (footnotes omitted).

[5] *See* TEX. R. CIV. P. 76a(8) (any order (or portion of order or judgment) relating to sealing or unsealing court records shall be deemed severed from case and a final judgment which may be appealed by any party or intervenor who participated in hearing preceding issuance of such order).

intervenor, could file a petition for writ of mandamus on that basis. Going forward, I would recommend such an approach from the beginning. In light of the supreme court's sealing order in the *Calco* writ, we are constrained and bound by the temporary sealing orders applicable in this cause.

I fully embrace the importance of protecting certain confidential information. However, failure to follow rule 76a jeopardizes the concepts of open courts and public access, wastes valuable judicial resources, and lets parties hide information that should not be protected.

/Craig Smith/
CRAIG SMITH
JUSTICE

Goldstein, J., joining.

200205CF.P05