

# Fourth Court of Appeals
## San Antonio, Texas

April 12, 2022

No. 04-21-00450-CV

**INTEGRITY PAIN MANAGEMENT, PLLC,**
Appellant, Cross-Appellee,

v.

**DAVIS & ASSOCIATES MEDICAL CONSULTANTS, LLC,**
Appellee/ Cross-Appellant,

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-23848
Honorable Aaron Haas, Judge Presiding

# O R D E R

Appellee Davis & Associates Medical Consultants, LLC has filed an unopposed motion seeking access to a portion of the record that is sealed. The motion is **GRANTED**. The clerk of the court is instructed to provide a copy of the sealed record to appellee's attorney on CD-ROM. All parties and their attorneys are **ORDERED** not to share the contents of the sealed record with any person except to the extent necessary to prepare their respective briefs.

In the trial court, appellee moved to seal portions of the record that include "protected health information of numerous non-party patients to whom medical services were rendered." Appellee requested certain trial exhibits be sealed and that the trial testimony of three witnesses be sealed in their entirety. The trial court ordered the record sealed as requested. *See* TEX. R. CIV. P. 76a. The trial court's sealing order appears to be overly broad. *See id.*; *see also Kartsotis v. Bloch*, 503 S.W.3d 506, 510 (Tex. App.—Dallas 2016, pet. denied). For instance, much of the trial testimony concerns billing disputes, and much of the relevant testimony does not disclose protected health information of non-party patients. We are a court of record and have responsibilities not only to the litigants but also to members of the judiciary, the bar, and the public. *R.V.K. v. L.L.K.*, 103 S.W.3d 612, 614 (Tex. App.—San Antonio 2003, no pet.). We must strike a balance between fulfilling our responsibilities as a court of record and keeping confidential information confidential. *See id.*; *In re Cook*, 629 S.W.3d 591, 595 (Tex. App.—Dallas 2021, no pet.) (en banc); *Navasota Res., L.P. v. First Source Tex., Inc.*, 206 S.W.3d 791, 792 (Tex. App.—Waco 2006, no pet.) (Gray, C.J., dissenting).

Therefore, in the event the parties reference the sealed record in their respective briefs, they are **ORDERED** to comply with the following procedure:

1. The party filing the brief must file the brief in paper form only, with a cover letter informing the clerk of this court that the brief references the sealed record. *See* Tex. R. App. P. 9.2(c)(3) (exception to electronic filing for documents under seal).

2. Concurrently, the party must file a notice stating whether the brief discloses protected health information and where in the brief such information is disclosed.[1]

3. Within 7 days after the brief is filed, the opposing party may file a notice stating whether the brief discloses protected health information and where in the brief such information is disclosed.

4. After receiving the notice or notices, this court will determine whether the brief or a portion of the brief will remain filed under seal. This court may order a party to file a redacted brief or order other measures less restrictive than the sealing of the entire brief.

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of April, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court

---

[1] Because appellant Integrity Pain Management PLLC already filed its opening brief under seal on April 6, 2022, we **ORDER** that appellant may file its notice by April 14, 2022, and appellee may file its notice regarding this brief by April 21, 2022.